**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            breed@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUSGRAVE and MARGARET GRAY, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>     v.<br><br>TAYLOR FARMS PACIFIC, INC., TAYLOR FARMS RETAIL, INC., TAYLOR FARMS CALIFORNIA, INC., SAM'S WEST, INC., and WALMART, INC.<br><br>                Defendants. | Case No._____<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Rick Musgrave and Margaret Gray, by their undersigned attorneys, bring this class action complaint against Taylor Farms Pacific, Inc., Taylor Farms Retail, Inc., Taylor Farms California, Inc. (collectively "Taylor Farms"), Sam's West, Inc. d/b/a Sam's Club ("Sam's Club"), and Walmart, Inc. ("Walmart") (together, "Defendants").  Plaintiffs' allegations are based upon personal knowledge as to their own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.      This is a class action lawsuit on behalf of purchasers of Taylor Farms' Romaine Lettuce Products, which are marketed as "triple washed and ready to enjoy," but were actually contaminated with *E. coli* bacteria.

2.       Taylor Farms' vision is "to be North America's favorite maker of salads and healthy fresh foods," and is in fact the largest processor of fresh salads in the country.  Generally, Taylor Farms promotes a healthy lifestyle due to Taylor Farms' claims of providing convenient, ready-to-eat products that are marketed as "fresh, handcrafted salads."  Taylor Farms even promotes health and wellness to its consumers by offering "Taylor Recipes" on its website, www.TaylorFarms.com, that utilize Taylor Farms' fresh and healthy products.

3.      Taylor Farms processes and manufactures dozens of fresh produce products, including several romaine lettuce products such as whole romaine lettuce heads, chopped romaine lettuce, hearts of romaine, blends of lettuce including romaine, and ready-made salad packs featuring romaine lettuce as an ingredient.  All of Taylor Farms' products promote convenient, healthy, "ready to eat" meals with additional product-specific recipes on the packaging.

4.      The marketing of Taylor Farms' products with romaine lettuce is false and misleading because, for a significant period of time in 2018, those products contained a harmful and even deadly strain of *E. coli* bacteria.  *E. coli* bacteria causes stomach pain, vomiting, diarrhea, and in some cases can lead to kidney failure and death.

5.      Plaintiffs relied on Defendants' false and misleading sales pitch for Taylor Farms' products with romaine lettuce, and they would not have purchased those products had they known the products were unsafe.  They bring this class action on behalf of themselves and other purchasers

of Taylor Farms' products with romaine lettuce and assert claims against Defendants for violations of the California's Consumers Legal Remedies Act, California's False Advertising Law, California's Unfair Competition Law, the breach of the implied warranty of merchantability of food, and for negligent manufacture of the products.

**FACTUAL BACKGROUND**

6.      On April 10, 2018, after a multistate outbreak of Shiga toxin-producing *E. coli* infections, specifically strain O157:H7, the Centers for Disease Control and Prevention (the "CDC") issued a statement that an investigation was underway as to what caused the outbreak.[1] The CDC stated that numerous people had been infected by the *E. coli* strain, with illnesses beginning as soon as March 22, 2018.

7.      *E. coli* is a group of bacteria that normally live in the intestinal tract of people and animals.  Certain strains cause not just typical food poisoning symptoms, such as diarrhea and vomiting, but can cause organ failure.  Specifically, the O157:H7 strain involved in the outbreak can cause severe illness, including bloody diarrhea and kidney failure.  The CDC said that the number of people who have been hospitalized is significantly higher in this outbreak than in others.

8.      On April 13, 2018, the CDC stated that epidemiologic evidence indicated that chopped romaine lettuce was the likely source of the outbreak, and that preliminary information indicated that the source of the *E. coli* could be from farms in the Yuma, Arizona growing region.

9.      On April 18, 2018, the CDC noted that the number of infections was growing and that at least 31 people have been hospitalized, including five who developed hemolytic uremic syndrome, a type of kidney failure.

10.      On April 20, 2018, the CDC confirmed that whole heads of romaine lettuce from the Yuma, Arizona growing region were or could be contaminated with the subject strain of *E. coli*.

11.      As of April 25, 2018, the CDC reported people across 25 states had reported *E. coli* infections linked to the lettuce grown in Yuma.  There was also one recorded death due to the *E. coli* infection in California.

---

[1] *See E. coli*, CDC.gov, http://www.cdc.gov/ecoli/2018/o157h7-04-18/index.html (last visited May, 8, 2018).

12.     Only a small portion of illnesses are reported to the CDC.  Furthermore, it takes around 2 to 3 weeks for illnesses to be reported to the CDC.

13.     Taylor Farms produces crops in both California and Arizona.  Taylor Farms transitions crops from its headquarters in Salinas, California to Yuma, Arizona in the winter so that production can continue year-round. [2]

14.     Walmart sells Taylor Farms' products, specifically Taylor Farms' products with romaine lettuce, in its stores.

15.     Sam's Club, which is owned by Walmart, sells Taylor Farms' products, specifically Taylor Farms' products with romaine lettuce, in its stores.

16.     On April 15, 2018, Frank Yiannas, Vice President of Food Safety for Sam's Club, issued a recall message to Sam's Club members (hereinafter the "recall").  The letter stated that "[w]e were notified that Taylor Farms, as a result of a Center for Disease Control and Prevention (CDC) public advisory, has initiated a withdrawal on the items listed below due to the potential to be contaminated with E. coli."

17.     The recall listed the following Taylor Farms' products with romaine lettuce (collectively the "Taylor Farms Romaine Lettuce Products"):

a.     Taylor Farms Fiesta Chopped Salad Kit with Grilled Chicken, 9/17.5 oz. (UPC 8-24862-02018-7);

b.     Taylor Farms Southwest Chopped Salad 10/12.55 oz. (UPC 8-24862-00632-7);

c.     Taylor Farms Asian Chopped Salad, 10/13 oz. (UPC 8-24862-00630-3);

d.     Taylor Farms Asian Chopped Salad, 10/15.75 oz. (UPC 0-30223-04149-8);

e.     Taylor Farms Caesar Kit Family Size 14/16.9 oz. (UPC 0-30223-02557-0);

f.     Taylor Farms Chopped Romaine 6/2 lb. (UPC 0-30223-04022-4);

g.     Taylor Farms Romaine Blend 12/2.5 oz. (UPC 0-30223—1124-8); and

h.     Taylor Farms Farmhouse Bacon Chopped Salad (UPC 0-30223-04114-6).

---

[2] *See* The Source Live, https://www.youtube.com/watch?v=AwDtNGloGCw (last visited May, 8, 2018).

18.     All of the Taylor Farms Romaine Lettuce Products listed in the recall promote convenient, healthy, "ready to eat" meals.

19.     The recall instructed customers that if any of the products were still in their possession, to return the products to their local Sam's Club for a full refund.  Sam's Club stated that it adheres to "strict quality assurance controls" and works with suppliers to ensure that quality products are provided to its customers.

20.     Walmart also posted a notice about the *E. coli* contamination of romaine lettuce to its website, but apparently did not offer refunds to its customers or post any notices in its stores regarding the contamination.

21.     Romaine lettuce is a hearty green and could stay fresh for up to four weeks after harvest, meaning that Taylor Farms' products with romaine lettuce that contain contaminated romaine lettuce from the Yuma, Arizona growing region could be on the shelves through mid-May 2018.

22.     Potentially tens of thousands of Taylor Farms consumers are or could be subject to the *E. coli* found in Taylor Farms' products with romaine lettuce.

23.     As a result of Defendants processing, manufacturing, distributing, and selling Taylor Farms' products with romaine lettuce without taking the proper precautions, Defendants placed in the stream of commerce products that are unusable, unsafe, and have caused purchasers and consumers of those products to suffer or potentially suffer illness, as well as the loss of monies.

## THE PARTIES

**Defendants**

24.     Defendant **Taylor Farms Pacific, Inc.** is registered as a California corporation.

25.     Defendant **Taylor Farms Retail, Inc.** is registered as a California corporation.

26.     Defendant **Taylor Farms California, Inc.** is registered as a Delaware corporation.

27.     Defendants **Taylor Farms Pacific, Inc.**, **Taylor Farms Retail, Inc.**, and **Taylor Farms California, Inc.** all do business in California as "Taylor Farms" and are located at 150 Main Street, Suite 400, Salinas, California 93901, which serves as Taylor Farms' headquarters.  Taylor

1   Farms is the world's largest fresh salad processor, with 11 plants and nearly $2 billion in annual

2   revenue.

3        28.    Defendant **Walmart, Inc.** is registered to do business in Bentonville, Arkansas.

4   Walmart operates a chain of over 11,000 hypermarkets, discount department stores, and grocery

5   stores across America and the world.  Walmart is one of the largest retail corporations in the world

6   with over $482 billion in annual revenue.

7        29.    Defendant **Sam's West, Inc.** d/b/a Sam's Club is registered to do business in

8   Bentonville, Arkansas.  Walmart owns and operates Sam's Club, a chain of membership-only retail

9   warehouse clubs.  There are about 600 Sam's Clubs nationwide.

10  **Plaintiffs**

11       30.    Plaintiff **Rick Musgrave** is a California citizen residing in Martinez, California.

12  Sometime around April 2, 2018, Mr. Musgrave purchased Taylor Farms Romaine Lettuce products

13  from Walmart in Martinez, California.  Soon after purchasing the Taylor Farms Romaine Lettuce

14  Products, Mr. Musgrave and his wife consumed the products and became violently sick for the next

15  few days.

16       31.    Plaintiff **Margaret Gray** is a resident of Camarillo, California.  On or about April

17  13, 2018 Plaintiff Margaret Gray purchased Taylor Farms Romaine Blend Salad from Sam's Club

18  in Oxnard, California.  That night, Ms. Gray consumed some of the Taylor Farms Romaine Blend

19  Salad.  The next day, Ms. Gray was very sick with stomach issues and was homebound for all of

20  that day and the next because of it.  By April 16, 2018, Ms. Gray had recovered from her illness and

21  ate more Taylor Farms Romaine Blend Salad that night with her daughter.  Both Ms. Gray and her

22  daughter fell ill that night.

23                                        **JURISDICTION AND VENUE**

24       32.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A).

25  There are more than 100 Class members, and the aggregate claims of all members of the proposed

26  Class exceed $5,000,000.00, exclusive of interest and costs.  At least one Class Member is a citizen

27  of a state different than at least one defendant.

28

33. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

34. This Court has personal jurisdiction over Taylor Farms Pacific, Inc. and Taylor Farms Retail, Inc. because both are California corporations registered with the California Secretary of State to conduct business within California.  In addition, both conduct substantial business within California.

35. This Court has personal jurisdiction over Taylor Farms California, Inc. because it conducts substantial business within California, including the processing, sale, marketing, and advertising of Taylor Farms Romaine Lettuce Products.  Taylor Farms California, Inc. also maintains its headquarters in California.

36. This Court has personal jurisdiction over Walmart, Inc. because it conducts substantial business within California, including the sale, marketing, and advertising of Taylor Farms Romaine Lettuce Products.  Walmart also maintains retail stores in California.

37. This Court has personal jurisdiction over Sam's West, Inc. because it conducts substantial business within California, including the sale, marketing, and advertising of Taylor Farms Romaine Lettuce Products.  Sam's Club also maintains retail stores in California.

38. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact significant business within this District and because Plaintiff Musgrave purchased Taylor Farms Romaine Lettuce Products in this District.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs Musgrave and Gray seek to represent a class defined as all persons in the United States who purchased Taylor Farms Romaine Lettuce Products at any time from February 1, 2018 to the present (the "National Class").  Plaintiffs seek to certify the National Class only as to Taylor Farms.  Excluded from the Class are governmental entities, Defendants, Defendants' affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators, and anyone who purchased Taylor Farms Romaine Lettuce Products for resale.  Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

40.     Plaintiffs also seek to represent a subclass defined as all members of the Class who purchased Taylor Farms Romaine Lettuce Products within the state of California (the "California Subclass") at any time from February 1, 2018 to the present.  Plaintiffs seek to certify the California Subclass as to Defendants Taylor Farms, Sam's Club, and Walmart.

41.     Members of the Class and the California Subclass are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but will be determined through discovery of Defendants' records.  Class members may be notified of the pendency of this action by mail, email, and/or publication.

42.     This suit seeks only damages and equitable relief for recovery of economic injury on behalf of the Class and Sub-Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to modify or expand the definition of the Class and Sub-Class to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to:

        a.      Whether the marketing and advertisements for Taylor Farms Romaine Products included false and/or misleading statements;

        b.      Whether Defendants' conduct violated the CLRA;

        c.      Whether Defendants' conduct violated the FAL;

        d.      Whether Defendants' conduct violated the UCL;

        e.      Whether Defendants' conduct breached implied warranties; and

        f.      Whether Defendants were negligent.

44.     Plaintiffs Musgrave and Gray's claims are typical of the claims of the proposed Class and of the California Subclass they seek to represent.  Each Class member was subjected to the

1  same illegal conduct, was harmed in the same way and has claims for relief under the same legal

2  theories.

3      45.    Plaintiffs Musgrave and Gray are adequate representatives of the Class and of the

4  California Subclass they seek to represent because their interests do not conflict with the interests of

5  the Class members they seek to represent, they have retained counsel competent and experienced in

6  prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class

7  and Subclass members will be fairly and adequately protected by Plaintiffs and their counsel.

8      46.    The class mechanism is superior to other available means for the fair and efficient

9  adjudication of the claims of Class members.  Each individual Class member may lack the resources

10 to undergo the burden and expense of individual prosecution of the complex and extensive litigation

11 necessary to establish Defendants' liability.  Individualized litigation increases the delay and

12 expense to all parties and multiplies the burden on the judicial system presented by the complex

13 legal and factual issues of this case.  Individualized litigation also presents a potential for

14 inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

15 management difficulties and provides the benefits of single adjudication, economy of scale, and

16 comprehensive supervision by a single court on the issue of a defendant's liability.  Class treatment

17 of the liability issues will ensure that all claims and claimants are before this Court for consistent

18 adjudication of the liability issues.

19     47.    Unless a class is certified, Defendants will retain monies received as a result of their

20 conduct that were taken from Plaintiffs and proposed Class members.  Unless a class-wide

21 injunction is issued, Defendants will continue to commit the violations of law alleged, and the

22 members of the Class and the general public will continue to be harmed thereby.

23                              **<u>COUNT I</u>**

24         **Breach of the Implied Warranty of Merchantability for Food**

25     48.    Plaintiffs Musgrave and Gray incorporate by reference and re-allege each and every

26 allegation set forth above as though fully set forth herein.

27

28

---

49.     Plaintiffs Musgrave and Gray bring this claim individually and on behalf of the members of the proposed Class against Taylor Farms and on behalf of the California Subclass against Taylor Farms, Sam's Club and Walmart.  Plaintiffs and the Class members have suffered injury in fact and lost money or property as a result of the actions (and inactions) of Defendants.

50.     California Civil Code § 1791.1(a) states in pertinent part, "Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods must meet each of the following:

a.     Pass without objection in the trade under the contract description;

b.     Are fit for the ordinary purposes for which such goods are used;

c.     Are adequately contained, packaged, and labeled; and

d.     Conform to the promises or affirmations of fact made on the container or label.

51.     California Civil Code § 1791.1(b) states in pertinent part "Implied warranty of fitness means that when the retailer, distributor, or manufacturer has reason to know any particular purpose for which the consumer goods are required, and further, that the buyer is relying on the skill and judgment of the seller to select and furnish suitable goods, then there is an implied warranty that the goods shall be fit for such purpose and that when there is a sale of an assistive device sold at retail in this state, then there is an implied warranty by the retailer that the device is specifically fit for the particular needs of the buyer."

52.     California Civil Code § 1791.1(d) states "[a]ny buyer of consumer goods injured by a breach of the implied warranty of merchantability and where applicable by a breach of the implied warranty of fitness has the remedies provided in Chapter 6 (commencing with Section 2601) and Chapter 7 (commencing with Section 2701) of Division 2 of the Commercial Code, and, in any action brought under such provisions, Section 1794 of this chapter shall apply."

53.     California Civil Code § 1792 states "[u]nless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable.  The

1  retail seller shall have the right of indemnity against the manufacturer in the amount of any liability

2  under this section."

3      54.   Defendant Taylor Farms is, and at all relevant times was, a merchant engaged in the

4  business of processing, manufacturing and distributing, among other things, Taylor Farms Romaine

5  Lettuce Products.

6      55.   Defendant Sam's Club is, and at all relevant times was, a seller of Taylor Farms

7  Romaine Lettuce Products.

8      56.   Defendant Walmart is, and at all relevant times was, a seller of Taylor Farms

9  Romaine Lettuce Products.

10     57.   Plaintiffs and the class members purchased the recalled Taylor Farms Romaine

11  Lettuce Products.

12     58.   Defendants, as the processors, manufacturers, distributors, and sellers of the recalled

13  Taylor Farms Romaine Lettuce Products, both expressly and impliedly, as set forth more fully

14  above, warranted that the products would, among other things, meet federal and state standards for

15  human consumption, be consumable by humans under ordinary and expected usage, were free from

16  defects, and were fit for ordinary purpose.

17     59.   Defendants breached the duty of implied warranty by selling the Taylor Farms

18  Romaine Lettuce Products in a manner that did not conform to the promises of affirmations of fact

19  made by Defendants, including those made on the labeling and packaging because they were

20  defective.

21     60.   Each of the Plaintiffs consumed the Taylor Farms Romaine Lettuce Products almost

22  immediately after purchasing and before the "Best By" dates.

23     61.   At the time Plaintiffs purchased the Taylor Farms Romaine Lettuce Products,

24  Defendants, as previously mentioned, were and are in the business of selling the products and also

25  held themselves out as having special knowledge and skill regarding products containing romaine

26  lettuce.

27

28

62.     The Romaine Lettuce Products, with a "Best By" date from February 1, 2018 to the present, are defective and unsafe because they were distributed to the public containing harmful or potentially harmful *E. coli*.  As a result, the Taylor Farms Romaine Lettuce Products were not consumable as would be expected under ordinary and expected consumption, thus rendering the products inconsumable and dangerous to the health of its consumers and were the cause of Plaintiffs' sickness.

63.     The Taylor Farms Romaine Lettuce Products were not of the same quality as those generally accepted in the romaine lettuce trade.

64.     The Taylor Farms Romaine Lettuce Products did not measure up to the promises and facts contained on the container/label because the product itself was not consumable.

65.     The harmful condition (*i.e.*, the *E. coli*) was not, and could not, have been reasonably expected by the average consumer to be found in Defendants' Romaine Lettuce Products.  As a direct and proximate result of the aforementioned acts of Defendants, Defendants have been unjustly enriched, because Defendants sold harmful or potentially harmful product to Plaintiffs and the Class.

66.     As a direct and proximate result of Defendants' acts, Plaintiffs and the Class members have all been harmed.

67.     As a direct and proximate result of these misrepresentations, Plaintiffs and the class members have been damaged in an amount to be proven at trial.  The damages suffered by Plaintiffs and the Class members include, but are not limited to, the monies paid to Defendants for the recalled Romaine Lettuce Products.

**COUNT II**

**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq.***
**(Injunctive Relief Only)**

68.     Plaintiffs Musgrave and Gray incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

---

CLASS ACTION COMPLAINT                                                                                      11

69.     Plaintiffs Musgrave and Gray bring this claim individually and on behalf of the members of the proposed Class against Taylor Farms and on behalf of the California Subclass against Taylor Farms, Sam's Club, and Walmart.

70.     Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

71.     Defendants violated Civil Code § 1770(a)(5) and (a)(7) by making false, and misleading statements by holding out the Taylor Farms Romaine Lettuce Products to be healthy and ready to eat, when in fact the products were contaminated by harmful or potentially harmful *E coli*.

72.     Plaintiffs and the members of the California Subclass have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for the Taylor Farms Romaine Lettuce Products that they otherwise would not have incurred or paid.

73.     On May 11, 2018 and May 14, 2018, prior to the filing of this Complaint, a CLRA notice letter was sent to Defendants Taylor Farms, Walmart, and Sam's Club which complies in all respects with California Civil Code §1782(a).  Plaintiffs' counsel sent Defendants the letters via certified mail, return receipt requested, advising Defendants that they are in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiffs' CLRA letters are attached hereto as Exhibits A and B.

74.     Wherefore, Plaintiffs presently only seeks injunctive relief for this violation of the CLRA.

**COUNT III**

**Violation of California's False Advertising Law ("FAL"),
Business & Professions Code § 17500 *et seq.***

75.     Plaintiffs Musgrave and Gray incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

76.     Plaintiffs Musgrave and Gray bring this claim individually and on behalf of the members of the proposed Class against Taylor Farms and on behalf of the California Subclass against Taylor Farms, Sam's Club, and Walmart.

77.     Defendants violated Business & Professions Code § 17500 by publicly disseminating false and misleading advertisements regarding Taylor Farms Romaine Lettuce Products when it stated the products were triple washed and ready to consume as a healthy meal when in reality the products contained illness-inducing bacteria.

78.     Defendants' false and misleading advertisements were disseminated to increase the sales of Taylor Farms Romaine Lettuce Products.

79.     Defendants knew or should have known that their advertisements for Taylor Farms Romaine Lettuce Products were false and misleading, and those advertisements would induce consumers to purchase Taylor Farms Romaine Lettuce Products.

80.     Plaintiffs and the members of the Class and California Subclass have suffered harm as a result of these violations of the FAL because they have incurred charges and/or paid monies for Taylor Farms Romaine Lettuce Products that they otherwise would not have incurred or paid.

**COUNT IV**

**Unlawful Business Practices In Violation of California's Unfair Competition Law ("UCL"),
Business & Professions Code §§ 17200 *et seq.*
(Unlawful Practices)**

81.     Plaintiffs Musgrave and Gray incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

82.     Plaintiffs Musgrave and Gray bring this claim individually and on behalf of the members of the proposed Class against Taylor Farms and on behalf of the California Subclass against Taylor Farms, Sam's Club, and Walmart.

83.     Defendants violated the unlawful prong of the UCL by violating Civil Code § 1770(a)(5) and Business & Professions Code § 17500 as described above.

84.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that Defendants' conduct is substantially injurious to consumers and offends public policy.

85.     Plaintiffs and the members of the Class and California Subclass have suffered harm as a result of the violations of the UCL because they have incurred charges and/or paid monies for Taylor Farms Romaine Lettuce Products they otherwise would not have incurred or paid.

## COUNT V
### Negligence

86.     Plaintiffs Musgrave and Gray incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

87.     Plaintiffs Musgrave and Gray bring this claim individually and on behalf of the members of the proposed Class against Taylor Farms and on behalf of the California Subclass against Taylor Farms, Sam's Club, and Walmart.

88.     Defendants owed a duty of care to Plaintiffs, individually, and to the Class members they seek to represent.  Defendants owed a duty to use reasonable care in manufacturing and distributing the Taylor Farms Romaine Lettuce Products that were free of a harmful or potentially harmful strain of *E. coli*, including a duty owed by California Civil Code § 1714(a).

89.     Defendants breached their duties to Plaintiffs and the Class and Subclass by failing to take reasonable steps to identify and prevent harmful or potentially harmful *E. coli* from being introduced to, or growing within, the Taylor Farms Romaine Lettuce Products before selling such products to consumers.

90.     Had Defendants exercised reasonable care and skill in the processing, manufacturing, and selling of the Taylor Farms Romaine Lettuce Products, Plaintiffs and the Class

1  and Subclass would not have purchased and/or ingested harmful or potentially harmful lettuce

2  containing *E. coli*.

3       91.    The harmful or potentially harmful *E. coli* contaminated Taylor Farms Romaine

4  Lettuce Products processed, manufactured, distributed, and sold by Defendants was a substantial

5  factor in causing Plaintiffs' and the Class and Subclass members' harm.

6       92.    Plaintiffs and the Class and Subclass have suffered damages, including, but not

7  limited to, economic damages, according to proof at trial.

8  **PRAYER FOR RELIEF**

9      WHEREFORE, Plaintiffs pray for judgment and relief as follows:

10      A.    An order certifying that this lawsuit is properly maintainable as a class action and

11  certifying Plaintiffs Musgrave and Gray as the representatives of the Class; and Plaintiffs Musgrave

12  and Gray as the representatives of the California Subclass.

13      B.    For all forms of relief set forth above;

14      C.    Damages against Defendants in an amount to be determined at trial, together with pre-

15             and post-judgment interest at the maximum rate allowable by law on any amounts

16             awarded;

17      D.    Restitution and/or disgorgement in an amount to be determined at trial;

18      E.    Punitive damages;

19      F.    Reasonable attorneys' fees and costs;

20      G.    Granting such other and further relief as may be just and proper.

21  **<u>DEMAND FOR TRIAL BY JURY</u>**

22      Plaintiffs demand a trial by jury of all issues so triable.

23

24  Dated: May 14, 2018               Respectfully submitted,

25                                   **BURSOR & FISHER, P.A.**

26

27                           By:  */s/ L. Timothy Fisher*            
                                  L. Timothy Fisher

28

L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            breed@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs Rick Musgrave and Margaret Gray in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 14th day of May, 2018.


*/s/ L. Timothy Fisher*
_____
L. Timothy Fisher

**EXHIBIT A**

# BURSOR & FISHER
### P.A.

1990 N. California Blvd.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

BLAIR E. REED
Tel: 925.300.4455
Fax: 925.407.2700
breed@bursor.com

May 11, 2018

*Via Certified Mail - Return Receipt Requested*

Taylor Farms Pacific, Inc.
150 Main Street, Suite 400
Salinas, CA 93901

Taylor Farms Retail, Inc.
150 Main Street, Suite 400
Salinas, CA 93901

Taylor Farms California, Inc.
150 Main Street, Suite 400
Salinas, CA 93901

Walmart, Inc.
702 SW 8th Street
Bentonville, AR 71716

Re:     *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Taylor Farms Pacific, Inc., Taylor Farms Retail, Inc., Taylor Farms California, Inc., and Walmart, Inc., pursuant to the provisions of California Civil Code § 1782, on behalf of our clients Rick Musgrave and Margaret Gray, and all other persons similarly situated.

Taylor Farms purports to be "North America's favorite maker of salads and healthy fresh foods." In the marketing and advertisements for Taylor Farms products, you claim that Taylor Farms products are "triple washed and ready to enjoy." Using Taylor Farms products, you claim consumers can make numerous healthy recipes using those products and provide those recipes both on the packaging and on your website, www.TaylorFarms.com. However, you recalled numerous products from Sam's Club because the following products (collectively the "Taylor Farms Romaine Lettuce Products") were contaminated with harmful, even potentially deadly, *E. coli*:

**BURSOR & FISHER, P.A.**                              page 2

- Taylor Farms Southwest Chopped Salad 10/12.55 oz. (UPC 8-24862-00632-7);
- Taylor Farms Asian Chopped Salad, 10/13 oz. (UPC 8-24862-00630-3);
- Taylor Farms Asian Chopped Salad, 10/15.75 oz. (UPC 0-30223-04149-8);
- Taylor Farms Caesar Kit Family Size 14/16.9 oz. (UPC 0-30223-02557-0);
- Taylor Farms Chopped Romaine 6/2 lb. (UPC 0-30223-04022-4);
- Taylor Farms Romaine Blend 12/2.5 oz. (UPC 0-30223—1124-8); and
- Taylor Farms Farmhouse Bacon Chopped Salad (UPC 0-30223-04114-6)

All of the Taylor Farms Romaine Lettuce Products listed in the recall promote convenient, healthy, "ready to eat" meals.  These and other similar statements regarding Taylor Farms Romaine Lettuce Products are false and misleading and induce consumers like Mr. Musgrave and Ms. Gray, and others to purchase the product.  By making such false and misleading statements, you have violated numerous provisions of California law including the Consumers Legal Remedies Act, California Civil Code § 1770, including but not limited to subsections (a)(5) and (a)(7).

We hereby demand that you immediately (1) cease and desist from fraudulently marketing Taylor Farms Romaine Lettuce Products, and (2) make full restitution of all monies obtained from purchasers of those products.

It is further demanded that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents regarding the advertisement and marketing of Taylor Farms Romaine Lettuce Products;

2. All documents concerning the sale of Taylor Farms Romaine Lettuce Products, including the total amount of money generated from the sale of those products;

3. All documents concerning any testing or other research done regarding the safety of Taylor Farms Romaine Lettuce Products;

4. All communications with customers and former customers concerning complaints related to Taylor Farms Romaine Lettuce Products;

5. All documents concerning the identity of those individuals who purchased Taylor Farms Romaine Lettuce Products;

6. All documents and/or communications between you and the Centers for Disease Control and Prevention relating to the contamination of romaine lettuce; and

**BURSOR & FISHER, P.A.**                                   page 3

7.      All documents and/or communications between you and any retailer relating to the contamination of romaine lettuce.

Please comply with this demand within 30 days from receipt of this letter.

We are willing to negotiate with you to attempt to resolve the demands asserted in this letter.  If you wish to enter into such discussions, please contact me immediately.  If I do not hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter, but in no event later than 30 days from the date of receipt.

Very truly yours,


Blair E. Reed
breed@bursor.com

**EXHIBIT B**

**BURSOR & FISHER**
P.A.

1990 N. California Blvd.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

BLAIR E. REED
Tel: 925.300.4455
Fax: 925.407.2700
breed@bursor.com

May 14, 2018

***Via Certified Mail - Return Receipt Requested***

Sam's West, Inc
708 SW 8th Street
Bentonville, AR 72716

Re:     *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Sam's West, Inc. pursuant to the provisions of California Civil Code § 1782, on behalf of our clients Rick Musgrave and Margaret Gray, and all other persons similarly situated.

Taylor Farms purports to be "North America's favorite maker of salads and healthy fresh foods."  In the marketing and advertisements for Taylor Farms products, you claim that Taylor Farms' products are "triple washed and ready to enjoy."  Using Taylor Farms' products, you claim consumers can make numerous healthy recipes using those products and provide those recipes both on the packaging and on your website, www.TaylorFarms.com.  However, you recalled numerous products from Sam's Club because the following products (collectively the "Taylor Farms Romaine Lettuce Products") were contaminated with harmful, even potentially deadly, *E. coli*:

- Taylor Farms Southwest Chopped Salad 10/12.55 oz. (UPC 8-24862-00632-7);
- Taylor Farms Asian Chopped Salad, 10/13 oz. (UPC 8-24862-00630-3);
- Taylor Farms Asian Chopped Salad, 10/15.75 oz. (UPC 0-30223-04149-8);
- Taylor Farms Caesar Kit Family Size 14/16.9 oz. (UPC 0-30223-02557-0);
- Taylor Farms Chopped Romaine 6/2 lb. (UPC 0-30223-04022-4);
- Taylor Farms Romaine Blend 12/2.5 oz. (UPC 0-30223—1124-8); and
- Taylor Farms Farmhouse Bacon Chopped Salad (UPC 0-30223-04114-6)

All of the Taylor Farms Romaine Lettuce Products listed in the recall promote convenient, healthy, "ready to eat" meals.  These and other similar statements regarding Taylor Farms Romaine Lettuce Products are false and misleading and induce consumers like Mr. Musgrave and Ms. Gray, and others to purchase the product.  By making such false and misleading statements, you have violated numerous provisions of California law

**BURSOR & FISHER, P.A.**                          page 2

including the Consumers Legal Remedies Act, California Civil Code § 1770, including but not limited to subsections (a)(5) and (a)(7).

We hereby demand that you immediately (1) cease and desist from fraudulently marketing Taylor Farms Romaine Lettuce Products, and (2) make full restitution of all monies obtained from purchasers of those products.

It is further demanded that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.      All documents regarding the advertisement and marketing of Taylor Farms Romaine Lettuce Products;

2.      All documents concerning the sale of Taylor Farms Romaine Lettuce Products, including the total amount of money generated from the sale of those products;

3.      All documents concerning any testing or other research done regarding the safety of Taylor Farms Romaine Lettuce Products;

4.      All communications with customers and former customers concerning complaints related to Taylor Farms Romaine Lettuce Products;

5.      All documents concerning the identity of those individuals who purchased Taylor Farms Romaine Lettuce Products;

6.      All documents and/or communications between you and the Centers for Disease Control and Prevention relating to the contamination of romaine lettuce; and

7.      All documents and/or communications between you and any retailer relating to the contamination of romaine lettuce.

Please comply with this demand within 30 days from receipt of this letter.

We are willing to negotiate with you to attempt to resolve the demands asserted in this letter. If you wish to enter into such discussions, please contact me immediately. If I do not hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter, but in no event later than 30 days from the date of receipt.

**BURSOR & FISHER, P.A.**                         page 3


Very truly yours,


Blair E. Reed
breed@bursor.com