**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
        breed@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUSGRAVE and MARGARET GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR FARMS PACIFIC, INC., TAYLOR FARMS RETAIL, INC., TAYLOR FARMS CALIFORNIA, INC., SAM'S WEST, INC., and WALMART, INC.,<br><br>Defendants. | Case No. 4:18-cv-02841-JSW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STRIKE COMPLAINT**<br><br>Date:  October 26, 2018<br>Time:  9:00 a.m.<br>Courtroom:  5, 2nd Floor<br><br>The Honorable Jeffrey S. White |

# TABLE OF CONTENTS

**PAGE(S)**

SUMMARY OF ARGUMENT..................................................................................................vi

THE RULE 12(b)(6) LEGAL STANDARD.......................................................................1

ARGUMENT ..........................................................................................................................1

I.   PLAINTIFFS STATE CLAIMS FOR VIOLATIONS OF CALIFORNIA
     CONSUMER PROTECTION LAWS..........................................................................1

     A.   Plaintiffs' Have Pled Their UCL, FAL, and CLRA Claims in
          Accordance with Rule 9(b).................................................................................1

     B.   Plaintiffs Have Standing to Pursue Their UCL, FAL, and CLRA Claims.................3

     C.   Plaintiffs Allege an Actionable Misrepresentation.................................................4

          1.   Defendants' Statements That the Products Are "Ready to Eat"
               and "Ready to Enjoy" Are Not Mere Puffery .................................................5

     D.   The Retailer Defendants Can Be Held Liable for the Sale of the
          Contaminated Lettuce..........................................................................................7

II.  PLAINTIFFS STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY .................8

     A.   The Economic Loss Rule Does Not Bar Plaintiffs' Breach of Implied
          Warranty Claim ....................................................................................................8

     B.   Plaintiffs Adequately Allege Injury Caused by Defendants' Conduct.......................8

     C.   Plaintiffs Have Adequately Pled Their Claim for Breach of Implied
          Warranty of Merchantability of Food....................................................................10

III. PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF ............................................11

IV.  RULE 12 DOES NOT PERMIT DISMISSAL OF CLASS ALLEGATIONS...................13

V.   PLAINTIFFS HAVE STANDING TO REPRESENT CLASS MEMBERS
     WHO PURCHASED DIFFERENT PRODUCTS .............................................................13

CONCLUSION ........................................................................................................................15

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Anderson v. Jamba Juice Co.*,
  888 F. Supp. 2d 1000 (N.D. Cal. 2012) ................................................ 14

*Anthony v. Kelsey-Hayes Co.*,
  25 Cal.App.3d 442 (1972) ................................................................... 8

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009) ............................................................................ 1

*Astiana v. Dreyer's Grand Ice Cream, Inc.*,
  2012 WL 2990766 (N.D. Cal. Jul. 20, 2012) ................................. 13, 14

*Baas v. Dollar Tree Stores, Inc.*,
  2007 WL 2462150 (N.D. Cal. Aug. 29, 2007) ................................. vi, 13

*Bell Atlantic Corp. v.* Twombly,
  550 U.S. 544 (2007) ......................................................................... 1, 9

*Bret Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*,
  2016 WL 3519294 (E.D. Cal. June 27, 2016) ................................... 8

*Brown v. Hain Celestial Grp., Inc.*,
  913 F. Supp. 2d 881 (N.D. Cal. 2012) ............................................. 14

*Capbran Holdings, LLC v. Firemall LLC*,
  2017 WL 2905966 (C.D. Cal. Feb. 1, 2017) ..................................... 8

*Casas v. Victoria's Secret Stores, LLC*,
  2014 WL 12708972 (C.D. Cal. Oct. 20, 2014) ............................... 13

*Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.*,
  2005 WL 1528703 (N.D. Cal. June 29, 2005) ................................. 11

*Cook, Perkiss, & Liehe, Inc. v. N. Cal. Collection Serv.*,
  911 F.2d 242 (9th Cir. 1990) ........................................................ vi, 5

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997) .......................................................... 1

*Curry v. Fred Olsen Line*,
  367 F.2d 921 (9th Cir. 1966) .......................................................... 8

*Day v. AT&T Corp.*,
  63 Cal. App. 4th 325 (1998) ........................................................... 4

*Dorfman v. Nutramax Labs., Inc.*,
  2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) ................................. 7

*Dysthe v. Basic Research, LLC*,
  2011 WL 5868307 (C.D. Cal. Jun. 13, 2011) ................................. 14

*Dzielak v. Whirlpool Corp.*,
26 F. Supp. 3d 304 (D.N.J. 2014) ............................................................................................ 7

*Ellison v. Autozone Inc.*,
2007 WL 2701923 (N.D. Cal. Sept. 13, 2007) ....................................................................... 13

*Erickson v. Pardus*,
551 U.S. 89 (2007) ..................................................................................................................... 1

*Forcellati v. Hyland's, Inc.*,
876 F. Supp. 2d 1155 (C.D. Cal. 2012) ................................................................................. 15

*Fraker v. KFC Corp.*,
2006 U.S. Dist. LEXIS 79049 (S.D. Cal. Oct. 19, 2006) ........................................................ 6

*Gammel v. Hewlett-Packard Co.*,
905 F. Supp. 2d 1052 (C.D. Cal. 2012) ................................................................................... 5

*Garcia v. Kashi Co.*,
43 F. Supp. 3d 1359 (S.D. Fla. 2014) ...................................................................................... 5

*Glass v. BMW of N. Am., LLC*,
2011 WL 6887721 (D.N.J. Dec. 29, 2011) .............................................................................. 6

*Greenman v. Yuba Power Prods., Inc.*,
59 Cal.2d 57 (1963) ................................................................................................................. 8

*Hauter v. Zogarts*,
14 Cal.3d 104 (1975) ............................................................................................................. 11

*Heidelberg USA, Inc. v. PM Lithographers, Inc.*,
2017 WL 7201872 (C.D. Cal. Oct. 19, 2017) .......................................................................... 8

*Henderson v. Gruma Corp.*,
2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ........................................................................ 12

*Hendricks v. StarKist, Co.*,
30 F. Supp. 3d 917 (N.D. Cal. 2014) ...................................................................................... 3

*In re Nice Sys. Sec. Litig.*,
135 F. Supp. 2d 551 (D.N.J. 2001) .......................................................................................... 6

*In re Suprema Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006) .................................................................................................... 3

*In re Wal-Mart Stores, Inc.*,
505 F. Supp. 2d 609 (N.D. Cal., 2007) .................................................................................. 13

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ........................................................................ 6

*Ingalls v. Spotify USA, Inc.*,
2017 WL 3021037 (N.D. Cal. July 17, 2017) ................................................................... vi, 12

*Jasin v. Vivus, Inc.*,
  2015 WL 3809357 (N.D. Cal. Jun. 18, 2015) ............................................................... 6

*Jou v. Kimberly-Clark Corp.*,
  2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) .............................................................. 5

*Kabbash v. Jewelry Channel, Inc. USA*,
  2015 WL 6690236 (C.D. Cal. Nov. 2, 2015) ................................................................ 12

*Keniston v. Roberts*,
  717 F.2d 1295 (9th Cir. 1983) ..................................................................................... 15

*Khasin v. R.C. Bigelow, Inc.*,
  2013 WL 2403579 (N.D. Cal. May 31, 2013) ...................................................... vi,13

*Koehler v. Litehouse, Inc.*,
  2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) .............................................................. 12

*Lam v. Gen. Mills, Inc.*,
  859 F.Supp.2d 1097 (N.D. Cal. 2012) .......................................................................... 11

*Larsen v. Trader Joe's Co.*,
  2012 WL 5458396 (N.D. Cal. June 14, 2012) ............................................................... 12

*Medeiros v. Coca–Cola Bottling Co. of Turlock*,
  57 Cal.App.2d 707 (1943) ............................................................................................. 11

*Miller v. Ghirardelli Chocolate Co.*,
  912 F.Supp.2d 861 (N.D. Cal. 2012) ............................................................................ 13

*Pelayo v. Nestle USA, Inc.*,
  989 F. Supp. 2d 973 (C.D. Cal. 2013) ........................................................................... 5

*Pelletier v. Fed. Home Loan Bank of S.F.*,
  968 F.2d 865 (9th Cir. 1992) ......................................................................................... 2

*Ries v. Arizona Beverages USA LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) .................................................................................. 12

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal.4th 979 (2004) .................................................................................................... 8

*Rooney v. Cumberland Packing Corp.*,
  2012 WL 1512106 (S.D. Cal. Apr. 16, 2012) ............................................................... 4

*Rosen v. Unilever U.S. Inc*,
  2012 WL 4807100 (N.D. Cal. May 3, 2010) ................................................................ 4

*Samet v. Procter & Gamble Co.*,
  2013 WL 6491143 (N.D. Cal. Dec. 10, 2013) .............................................................. 4

*Segedie v. Hain Celestial Grp. Inc.*,
  2015 WL 2168374 (S.D.N.Y. May 7, 2015) ................................................................ 5

*Seifi v. Mercedes-Benz USA, LLC,*
    2013 WL 2285339 (N.D. Cal. May 23, 2013)..............................................................3

*Surzyn v. Diamond Foods, Inc.,*
    2014 WL 2212216 (N.D. Cal. May 28, 2014)...........................................................5

*Thomas v. Costco Wholesale Corp.,*
    2014 WL 5872808 (N.D. Cal. Nov. 12, 2014).........................................................11

*Usher v. City of Los Angeles,*
    828 F.2d 556 (9th Cir. 1987).................................................................................1, 10

*Viggiano v. Hansen Nat. Corp.,*
    944 F. Supp. 2d 877 (C.D. Cal. 2013)........................................................................11

*Vinole v. Countrywide Home Loans, Inc.,*
    571 F.3d 935 (9th Cir. 2009).....................................................................................13

*Walling v. Beverly Enterprises,*
    476 F.2d 393 (9th Cir. 1973).........................................................................................1

*Williams v. Gerber Prod. Co.,*
    552 F.3d 934 (9th Cir. 2008).............................................................................vi, 4, 5

## STATUTES

Cal. Com. Code §2314(2)................................................................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SUMMARY OF ARGUMENT

The Court should deny Defendants' motion to dismiss.  First, Defendants incorrectly argue that Plaintiffs' complaint fails to satisfy Rule 9(b).  Plaintiffs clearly allege the "who, what, when, where, and how" regarding Defendants' fraudulent conduct.  Specifically, Plaintiffs claim that Defendants' falsely represented that Taylor Farms' romaine lettuce products were "ready to eat" and "ready to enjoy" when in fact they were contaminated with *E. coli* bacteria.  Complaint ¶¶ 1, 4, 5, 16, 20, 22, 30, 31, 71, 77.  Plaintiffs also adequately allege reliance on Defendants' false and misleading statements.  *Id.* ¶ 5 ("Plaintiffs relied on Defendants' false and misleading sales pitch for Taylor Farms' products with romaine lettuce.").

Next, Defendants contend that their statements that the romaine lettuce products were "ready to eat" and "ready to enjoy" are not actionable and constitute mere puffery.  Once again, Defendants are wrong.  Under *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008), the Court cannot determine at the pleading stage whether those statements would deceive a reasonable consumer.  Moreover, those statements are not vague or a general statement "that one product is superior."  *Cook, Perkiss, & Liehe, Inc. v. N. Cal. Collection Serv.,* 911 F.2d 242, 246 (9th Cir. 1990).  They are a simple promise as to the quality of Defendants' lettuce products.

Defendants also argue that Plaintiffs' implied warranty claim is barred by the economic loss rule and that Plaintiffs do not properly allege injury.  Defendants do not cite a single case in which a court has dismissed an implied warranty claim based on the economic loss rule.  In addition, Plaintiffs plainly allege that Defendants' actions caused their injuries.  Complaint ¶¶ 23, 62, 91.

Finally, Defendants assert that Plaintiffs lack standing to seek injunctive relief or to represent purchasers of other Taylor Farms' lettuce products.  Numerous courts have rejected both of those arguments.  *See, e.g., Ingalls v. Spotify USA, Inc.*, 2017 WL 3021037, at *6 (N.D. Cal. July 17, 2017) (injunctive relief) and *Khasin v. R.C. Bigelow, Inc.,* 2013 WL 2403579, at *4 (N.D. Cal. May 31, 2013) (standing to seek relief for other products).  The Court should also reject Defendants' premature request to strike their class allegations.  *See Baas v. Dollar Tree Stores, Inc.*, 2007 WL 2462150, at *3 (N.D. Cal. Aug. 29, 2007).  The Court should deny Defendants' motion to dismiss.

### THE RULE 12(b)(6) LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* ("*Iqbal*"), 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 556 (2007)). "Facial plausibility" requires factual allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)). If a complaint alleges enough facts to state a claim for relief that is plausible on its face, a complaint may not be dismissed for failing to allege additional facts that the plaintiff would need to prevail at trial. *Twombly*, 550 U.S. at 570; *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (plaintiff need not allege specific facts, the facts alleged must be accepted as true, and the facts need only give defendant "fair notice of what the…claim is and the grounds upon which it rests" (quoting Twombly, 550 U.S. at 555)). The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enterprises*, 476 F.2d 393, 396 (9th Cir. 1973).

### ARGUMENT

I.   **PLAINTIFFS STATE CLAIMS FOR VIOLATIONS OF CALIFORNIA CONSUMER PROTECTION LAWS**

   A.   **Plaintiffs Have Pled Their UCL, FAL, and CLRA Claims in Accordance with Rule 9(b)**

Defendants argue that Plaintiffs' CLRA, UCL, and FAL claims should be dismissed for failure to satisfy Rule 9(b). Defs' Br. at 3:26-4:4. That is wrong. Rule 9(b) requires that allegations of fraud be accompanied by the "who, what, when, where, and how." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). On a motion to dismiss, the court must read the complaint generously, accepting all allegations as true, and draw all reasonable inferences in favor

1    of the nonmoving party.  *See Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir.

2    1992).

3          Here, Plaintiffs' allegations satisfy the heightened pleading standard because they are

4    sufficiently precise to allow Defendants to understand the nature of the allegations and to frame a

5    responsive pleading.  These allegations identify Defendants' fraudulent misrepresentations, where

6    and when the misrepresentations were made, and explain why they are false.

7    **Who:**      The Complaint specifically identifies Taylor Farms as the entity that

8                  misrepresented its romaine lettuce products as "ready to eat" and "ready to

9                  enjoy."  Compl. ¶¶ 1, 5.  The Complaint identifies Walmart and Sam's Club

10                 as entities where Taylor Farms' products were sold.  *Id*. ¶¶ 14, 15.

11   **What:**     The Complaint identifies and describes Taylor Farms' products.  *Id.* ¶ 1, 2, 3,

12                 17, 18.  Plaintiffs allege that Taylor Farms' products are not "ready to eat" or

13                 "ready to enjoy" and therefore contain false representations because the

14                 products are contaminated.  *Id.* ¶¶ 1, 4, 5, 16, 20, 22, 30, 31, 71, 77.

15                 Plaintiffs allege Sam's Club initiated a recall of Taylor Farms' products.  *Id.*

16                 ¶¶ 16, 17.  Plaintiffs allege Walmart posted a notice about the contamination

17                 on its website.  *Id.* ¶ 20.

18   **When:**     Plaintiffs allege they purchased contaminated Taylor Farms' products within

19                 the relevant class period.  *Id.* ¶¶ 30, 31, 39, 40.  They allege that they relied

20                 on Defendants' false representations in purchasing the products.  *Id.* ¶ 5.

21   **Where:**    Plaintiffs allege that they are California citizens and purchased Taylor

22                 Farms' products at Walmart and Sam's Club in Martinez and Camarillo,

23                 California, respectively.  *Id.* ¶¶ 30, 31.

24   **How:**      Plaintiffs allege that Taylor Farms' products are not "ready to eat" or "ready

25                 to enjoy" and therefore contain false representations because the products

26                 are contaminated.  *Id.* ¶¶ 1, 4, 5, 16, 20, 22, 30, 31, 71, 77.  Moreover,

27                 Plaintiffs allege that they "relied on Defendants' false and misleading sales

28

pitch for Taylor Farms' products with romaine lettuce, and they would not have purchased these products had they known the products were unsafe." *Id.* ¶ 5.

Defendants essentially ignore the allegations set forth in the Complaint because the Complaint provides "all of the essential factual background that would accompany the first paragraph of any newspaper story – that is the 'who, what, when, where and how' of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (citations omitted). Thus, Defendants are wrong that Plaintiffs' allegations do not meet their Rule 9(b) burden.

## B.   Plaintiffs Have Standing to Pursue Their UCL, FAL, and CLRA Claims

Defendants argue that Plaintiffs do not have standing to bring their UCL, FAL, and CLRA claims because Plaintiffs did not allege any reliance on the statements "ready to eat" and "ready to enjoy," and that those statements were not "factored into their purchase decisions." Defs' Br. at 5: 15-20. Again, as discussed in Section I.A, *supra*, Defendants ignore Plaintiffs' Complaint. *See supra* Section I.A. In *Hendricks v. StarKist, Co.*, 30 F. Supp. 3d 917, 923-24 (N.D. Cal. 2014), the court held that by alleging "StarKist misrepresented that its Products contained an adequate amount of tuna…and that [Plaintiffs] would have not purchased the products had they known the true facts concerning the quantity," plaintiffs had sufficiently pled reliance under the UCL, FAL, and CLRA. Here, Plaintiffs specifically allege that "Plaintiffs relied on Defendants' false and misleading sales pitch for Taylor Farms' products with romaine lettuce, and they would not have purchased those products had they known the products were unsafe." Compl. ¶ 5. Therefore, Plaintiffs have alleged sufficient reliance on Defendants' statements to have standing.

If the Court determines that Plaintiffs have not adequately pled reliance, the Court should grant leave to amend because the allegations are easily curable. *Seifi v. Mercedes-Benz USA, LLC*, 2013 WL 2285339, at *3 (N.D. Cal. May 23, 2013) ("Unless amendment would be futile, leave to amend should be freely granted.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## C.    Plaintiffs Allege an Actionable Misrepresentation

Defendants also argue that Plaintiffs have failed to allege any statement that is misleading. Defs' Br. at 5-6.  Defendants are wrong.  Not only have Plaintiffs alleged that the representations Taylor Farms' products are false and misleading because they are labeled as "ready to enjoy" and "ready to eat," they have alleged that those statements are deceptive.  *See supra* Sections I.A-B; Compl. ¶¶ 1, 3, 4, 5, 16, 18, 20, 22, 30, 31, 71, 77.  To state a claim under the UCL, FAL, or CLRA, Plaintiffs must allege that Defendants' representations are likely to deceive a reasonable consumer.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).  Here, a reasonable consumer would most likely believe that the statements "ready to eat" and "ready to enjoy" mean that the product is edible and consumable, and therefore deceptive when the product is not.

Furthermore, in *Gerber*, the Ninth Circuit declared: "California courts … have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]." 552 F.3d at 938.  The court made clear that granting a motion to dismiss a UCL, FAL, or CLRA claim is only appropriate in "rare situation[s]," for example when "the advertisement itself made it *impossible* for the plaintiff to prove that a reasonable consumer was likely to be deceived."  *Id.* at 939 (emphasis added); *see also Samet v. Procter & Gamble Co.*, 2013 WL 6491143, at *7 (N.D. Cal. Dec. 10, 2013) ("[T]he Ninth Circuit has made it clear that such questions are issues of fact and inappropriate for resolution on a motion to dismiss.").  Even a true advertisement can be deceptive and thus actionable under the UCL if "couched in such a manner that is likely to mislead or deceive the consumer."  *Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 332-33 (1998).

Defendants' cases cited in support are inapposite because, in each, the consumers' beliefs were patently unreasonable.  *Cf. Rosen v. Unilever U.S. Inc,* 2012 WL 4807100 (N.D. Cal. May 3, 2010), at *5  (dismissing claims where plaintiff alleged, with no facts to support, that "the use of a non-nutritious oil, irrespective of amount, in a blend of otherwise nutritious oils makes the 'blend' non-nutritious"); *Rooney v. Cumberland Packing Corp.*, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012) (dismissing claims where plaintiff alleged that sugar packages with "the phrase 'in the

raw' misled her…into believing the product was raw, unprocessed and unrefined").[1]  Here, by contrast, Plaintiffs' allegations are reasonable, and the facts of this case do not amount to the "rare situation" in which granting a motion to dismiss is appropriate.  *Gerber*, 552 F.3d at 939.

### 1.  Defendants' Statements That the Products Are "Ready to Eat" and "Ready to Enjoy" Are Not Mere Puffery

Defendants contend that the statements "ready to eat" and "ready to enjoy" are nonactionable puffery.  Defs' Br. at 6: 8-10.  To argue that the words "ready to eat" and "ready to enjoy" are not to be taken precisely at face value when presented on pre-packaged lettuce products does not make any sense.  *Id.*  The statements "ready to eat" and "ready to enjoy" are not vague, nor are they advertisements "which merely state[] in general terms that one product is superior." *Cook, Perkiss, & Liehe, Inc. v. N. Cal. Collection Serv.,* 911 F.2d 242, 246 (9th Cir. 1990).  They are specific and cannot be interpreted in any other way than their plain meaning.  The authorities Defendants cite in support of their position are inapposite and can be readily distinguished from the misrepresentations at issue in this case.

First, Defendants cite a string of cases in which other courts have held that the term "readiness" constitutes puffery in some instances.  *Id.* at 7:4-5.  It does not constitute puffery here. Defendants rely on *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1070 (C.D. Cal. 2012). In *Gammel*, the issue of "readiness" was related to an operating system and its impending release date.  *Id.*  A release date of an operating system does not compare to food that is "ready" to

---

[1] Defendants also cite *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973 (C.D. Cal. 2013) in support of this argument.  But *Pelayo*, which suggested that reasonable consumers could not take "natural" claims at face value, has been repeatedly rejected by other courts.  *See Jou v. Kimberly-Clark Corp.*, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) (Corley, J.) (finding that the *Pelayo* holding "is at odds with basic logic, contradicts the FTC statement on which it relies, and appears in conflict with the holdings of many other courts, including the Ninth Circuit"); *Segedie v. Hain Celestial Grp. Inc.*, 2015 WL 2168374, at *11 n.4 (S.D.N.Y. May 7, 2015) ("The weight of authority has shifted away from *Pelayo.*"); *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1384-85 (S.D. Fla. 2014) ("[N]o subsequent case has adopted *Pelayo*'s position, and two cases have affirmatively rejected it. … For the same reasons, this Court rejects *Pelayo*."); *Surzyn v. Diamond Foods, Inc.*, 2014 WL 2212216, at * 4 (N.D. Cal. May 28, 2014) (Armstrong, J.) ("The Court concludes the *Pelayo* is not persuasive, and declines Defendant's invitation to follow it.").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

consume in the slightest.  Next, Defendants rely on *Jasin v. Vivus, Inc.*, 2015 WL 3809357 at *10 (N.D. Cal. Jun. 18, 2015).  *Jasin*, like *Gammel*, is inapposite because "readiness" refers to a release date of a product, not a food product that is meant to be consumed without further preparation.  *Id.* Lastly, Defendants rely on *Glass v. BMW of N. Am., LLC,* 2011 WL 6887721 at *7 (D.N.J. Dec. 29, 2011), an unpublished opinion, for the proposition that the statement "MINI is ready to serve and protect" solidifies the word "ready" as puffery.  The term "ready" is in the context of a car advertisement and was not a statement of fact.  *Id.*  In the instant case, Defendants' statements that pre-packaged lettuce products are "ready to eat" and "ready to enjoy" are statements of fact because they relate directly to the product and are specific, literal statements.  In relying on these authorities Defendants fail to acknowledge that when viewed in context, the word "ready" is to be taken literally and is therefore the opposite of puffery.

Next, Defendants cite a string of cases in which other courts have considered statements with the word "enjoy" to be puffery, but each is inapposite here because in each case the term "enjoy" does not directly relate to the product it speaks of, nor is the term "enjoy" in the context of pre-packaged food.  Defs' Br. at 7:13-20; *see In re Nice Sys. Sec. Litig.*, 135 F. Supp. 2d 551, 580 (D.N.J. 2001) (holding that when speaking about a company, the statement "we will enjoy another year of continuous growth" constitutes puffery); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.,* 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) (holding that a public relations statement that "protecting our systems and our users' information is paramount to ensuring Yahoo users enjoy a secure user experience and maintaining our users' trust" constitutes puffery); *Fraker v. KFC Corp.,* No. 06-1284, 2006 U.S. Dist. LEXIS 79049, at *10 (S.D. Cal. Oct. 19, 2006) ("You can enjoy fast food as part of a sensible balanced diet" is puffery because no reasonable consumer would rely on that statement as a health claim).  Each of the statements in these authorities are not directly about the product they relate to.  In contrast, the statement "ready to enjoy" on the Taylor Farms' products is not subjective.  Defendants also fail to read the statement "ready to enjoy" in context, because when on a pre-packaged lettuce product, it can have no other meaning than the lettuce product is ready to consume.

1   The statements "ready to eat" and "ready to enjoy" are not "vague, highly subjective

2   claims," they are "specific, detailed factual assertions," and cannot be interpreted in any way other

3   than their plain meaning when taken in context as a label on the Taylor Farms' products.

   **D.      The Retailer Defendants Can Be Held Liable for the Sale of the Contaminated
4           Lettuce**

5       Defendants argue that Plaintiffs' misrepresentation claims must be dismissed because

6   neither retailer defendant "made any representation at all" or "adopted the statements made by

7   Taylor Farms." MTD at 7. That is wrong. In *Dorfman v. Nutramax Labs., Inc.*, 2013 WL

8   5353043 (S.D. Cal. Sept. 23, 2013), the court rejected the same argument Defendants make here.

9   In that case, Rite-Aid and Wal-Mart claimed that the court should dismiss the claims against them

10  because "the statements made on [the] boxes [of Cosamin products] … were prepared by

11  Nutramax, not Wal-Mart or Rite-Aid." *Id.* at *14. Judge William Hayes of the Southern District

12  denied the motion to dismiss because, *inter alia*, the plaintiff alleged that Wal-Mart and Rite-Aid

13  marketed and sold the products at issue and participated in the dissemination of the representations

14  concerning the efficacy of the products and adopted the representations as their own. *Id.*; *see also*

15  *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 334 (D.N.J. 2014) (permitting CLRA and other

16  consumer protection claims to proceed against retailers because they "adopted [manufacturer]

17  Whirlpool's misrepresentations as their own by promoting and selling the machines as Energy

18  Star-compliant"). The same is true in this case. Plaintiffs allege that both Walmart and Sam's

19  Club participated in the "sale, marketing and advertising of Taylor Farms Romaine Lettuce

20  Products." Compl. ¶¶ 36-37. Likewise, Walmart and Sam's Club (along with Taylor Farms) stated

21  that the lettuce products were "healthy and ready to eat." *Id.* ¶¶ 71, 77. Indeed, Taylor Farms'

22  products are promoted on both the Walmart and Sam's Club websites. The Court should deny the

23  motion to dismiss the claims against the retailer defendants.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   PLAINTIFFS STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY

### A.   The Economic Loss Rule Does Not Bar Plaintiffs' Breach of Implied Warranty Claim

Defendants argue that Plaintiffs' breach of implied warranty and negligence claims are barred by the economic loss doctrine.  While Defendants are correct that the economic loss rule bars Plaintiffs' negligence claim, it does not prohibit Plaintiffs' implied warranty claims.  "The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004).  The purpose of the economic loss rule is to ensure that a plaintiff relies "on the law of contracts and implied and express warranties to recover damage to the product sold, rather than resort to tort law." *Bret Harte Union High Sch. Dist. v. FieldTurf, USA, Inc.*, 2016 WL 3519294, at *4 (E.D. Cal. June 27, 2016); *see also Anthony v. Kelsey-Hayes Co.*, 25 Cal.App.3d 442, 447 (1972) (holding that economic loss rule barred strict liability claim for defects in the quality of goods and that such losses should be remedied by "the law of contracts" and "express and implied warranties").  It is clear that a claim for breach of implied warranty sounds in contract, not in tort.  *See Capbran Holdings, LLC v. Firemall LLC*, 2017 WL 2905966, at *2 (C.D. Cal. Feb. 1, 2017) ("Firemall's equitable indemnity, contribution, and ***breach of implied warranty claims sound in contract***.") (emphasis added); *Heidelberg USA, Inc. v. PM Lithographers, Inc.*, 2017 WL 7201872, at *7 (C.D. Cal. Oct. 19, 2017) ("Promedia's claim for breach of implied warranty sounds in contract"). Tellingly, Defendants do not cite a single case in which a court has dismissed a breach of implied warranty claim based on the economic loss rule.  The two cases cited by Defendants (*Curry v. Fred Olsen Line*, 367 F.2d 921 (9th Cir. 1966) and *Greenman v. Yuba Power Prods., Inc.*, 59 Cal.2d 57 (1963)) are more than 50 years old and do not even address the economic loss rule or whether it bars a claim for breach of implied warranty.

### B.   Plaintiffs Adequately Allege Injury Caused by Defendants' Conduct

Defendants also argue that Plaintiffs' implied warranty claim fails because Plaintiffs did not allege that it was Taylor Farms' products, as opposed to some other cause of illness, that caused

injury to Plaintiffs.  Defs' Br. at 9-10.  In making this argument, Defendants ignore vast portions of Plaintiffs' Complaint, as well as the legal standard applied when evaluating a motion to dismiss.

Defendants argue that "there is no adequate allegation in the Complaint that Taylor Farms' products caused Plaintiffs any harm," despite Plaintiffs' specific allegations that:

- "The harmful or potentially harmful *E. coli* contaminated Taylor Farms Romaine Lettuce Products processed, manufactured, distributed, and sold by Defendants ***was a substantial factor in causing Plaintiffs' and the Class and Subclass members' harm***."  Compl. ¶ 91.

- "The Romaine Lettuce Products, with a "Best By" date from February 1, 2018 to the present, are defective and unsafe because they were distributed to the public containing harmful or potentially harmful *E. coli*.  As a result, the Taylor Farms Romaine Lettuce Products were not consumable as would be expected under ordinary and expected consumption, thus rendering the products inconsumable and dangerous to the health of its consumers and ***were the cause of Plaintiffs' sickness***."  Compl. ¶ 62.

- "As a result of Defendants processing, manufacturing, distributing, and selling Taylor Farms' products with romaine lettuce without taking the proper precautions, Defendants placed in the stream of commerce products that are unusable, unsafe, ***and have caused purchasers and consumers of those products to suffer or potentially suffer illness, as well as the loss of monies.***"  Compl. ¶ 23.

Plaintiffs have set forth more than sufficient factual allegations to raise their right of relief above the speculative level, and have gone beyond what is required to state a claim for relief.  At the pleading stage, Plaintiffs are not required to allege all facts that would be necessary to prevail at trial, but simply "enough facts to state a claim for relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Because discovery has not yet begun, it is likely that additional facts and details related to Plaintiffs' claims will be uncovered.  However, at this stage in the litigation, Plaintiffs' allegations as to the cause of their injury are more than adequate.

The cases Defendants cite in support of their argument that a "recall does not support causation" are not instructive here, as each case simply references a situation in which a precautionary recall was later determined to be unnecessary.  In none of those cases was it found that evidence of a recall was insufficient to demonstrate causation above a speculative level.  Defendants' citations to cases in which courts found that allegations of an illness alone in food

defect cases are not sufficient to establish causation are similarly inapplicable here, as each of those cases involved a situation in which *only* an illness was alleged, without any other supporting allegations related to causation (such as an investigation by the Center for Disease Control, a recall, a statement from defendant's food safety department, etc.).  Unlike those cases, here, Plaintiffs set forth facts that go beyond a simple description of Defendants' remedial measure.  Plaintiffs describe the circumstances of their illnesses and the products they ate prior to getting sick.  Compl. ¶ 30-31.  In addition, Plaintiffs set forth the entire sequence of events related to the ultimate recall, including the multistate outbreak of Shiga toxin producing *E. coli* infections, the statements released by the Centers for Disease Control regarding their investigation and subsequent confirmation that the source of the outbreak was chopped romaine lettuce from the Yuma, Arizona growing region.  Compl. ¶¶ 6-10.  At this stage, the court must presume these factual allegations to be true, and draw all reasonable inferences in favor of the nonmoving party.  *Usher*, 828 F.2d at 561.  As such, Plaintiffs' allegations regarding their injuries and the cause of those injuries have been adequately pled.

C. **Plaintiffs Have Adequately Pled Their Claim for Breach of Implied Warranty of Merchantability of Food**

Defendants contend that Plaintiffs' implied warranty claim fails because the products at issue are goods intended for consumption and therefore not covered under the Song-Beverly Act. Defs' Br. at 13.  However, Plaintiffs' Count I is specifically a claim for breach of implied warranty of merchantability *of food*.  Compl. ¶ 48.  Defendants are not able to cite to a single published decision to support their argument for dismissal of Plaintiffs' implied warranty of merchantability claim.  They cite only two unpublished cases in which courts found that food labels do not constitute express warranties against a product defect, and that the Song-Beverly Act exempts food products that are consumable.  Defendants ignore the multitude of cases involving food and beverage product defects (referenced below) in which breach of implied warranty of merchantability claims survive outside the scope of the Song-Beverly Act.

1    Under California law, a plaintiff who claims a breach of the implied warranty of

2  merchantability must show that the product "did not possess even the most basic degree of fitness

3  for ordinary use."  *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013)

4  (citing Cal. Com. Code §2314(2)).  A defendants' liability for an implied warranty does not depend

5  on any specific conduct or promise on its part, but instead turns upon whether the product is

6  merchantable under the commercial code.  *Hauter v. Zogarts,* 14 Cal.3d 104, 117, 120 (1975).  "In

7  the context of food cases, a party can plead that a product violates the implied warranty of

8  merchantability by alleging, for example, that the product was not safe for consumption," *see, e.g.,*

9  *Lam v. Gen. Mills, Inc.,* 859 F.Supp.2d 1097, 1106 (N.D. Cal. 2012), or that the product was

10  "contaminated or contained foreign objects."  *Thomas v. Costco Wholesale Corp.,* 2014 WL

11  5872808, at *3 (N.D. Cal. Nov. 12, 2014), *citing Viggiano*, 944 F. Supp. 2d at 897 (finding that

12  plaintiff failed to state a claim for breach of implied warranty of merchantability because he did not

13  allege that the diet soda at issue was not drinkable or that it was contaminated in some way).

14    Here, Plaintiffs alleges exactly what is necessary – that Defendants' products were

15  "defective and unsafe," "not consumable," and therefore do not possess even the most basic degree

16  of fitness for ordinary use.  Compl. ¶¶ 62-64.  These allegations are enough to maintain a claim for

17  breach of implied warranty of merchantability.  *See Medeiros v. Coca–Cola Bottling Co. of*

18  *Turlock,* 57 Cal.App.2d 707, 711 (1943) (an allegation that, "by reason of the plaintiff drinking a

19  portion of the contents of said bottle as aforesaid he became violently ill and was rendered sick,

20  sore and disabled," was sufficient to state a breach of implied warranty claim against Coca–Cola's

21  bottling company); *Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.,* No. C–01–4203 MMC,

22  2005 WL 1528703, at *1 (N.D. Cal. June 29, 2005) (allegation that "the corks damaged the smell,

23  character and drinkability of Chateau des Charmes' wines" sufficient to state claim for breach of

24  implied warranty of merchantability).

## III.  PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

26    Defendants contend that there is no "plausible threat of future injury" because Plaintiffs are

27  now aware that the *E. Coli* outbreak is over and thus have no basis to seek injunctive relief.  Defs'

Br. at 14:11-21.  In *Kabbash v. Jewelry Channel, Inc. USA*, 2015 WL 6690236 (C.D. Cal. Nov. 2, 2015), the court rejected the argument that a plaintiff's awareness of false statements precludes injunctive relief explaining:

> While it is implausible to believe that Plaintiffs will continue to purchase products from Defendant so long as it continues the challenged conduct, to construe that as a lack of redressability here would render California consumer protection laws ineffectual.  The California Supreme Court has held that the purpose of these laws is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services.  Due to the fact that the alleged false advertising plausibly poses an immediate threat to consumers who comprise the putative class, Plaintiffs may pursue injunctive relief on their behalf.

*Id.* at *6.  Many other courts have applied the same reasoning to reach the same conclusion.  *See, e.g., Henderson v. Gruma Corp.*, 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011) ("If the Court were to construe Article III standing . . . as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws"); *Ingalls v. Spotify USA, Inc*., 2017 WL 3021037, at *6 (N.D. Cal. July 17, 2017) (collecting numerous authorities that are consistent with *Kabbash* and *Henderson*).

As the court in *Henderson* reasoned, the "once bitten, twice shy" approach that the defendant advocates would serve to defeat the objective of California consumer protection laws. *Henderson,* 2011 WL 1362188, at *7.  *See also Koehler v. Litehouse, Inc.*, 2012 WL 6217635 at *6 (N.D. Cal. Dec. 13, 2012) ("The Court agrees with *Henderson*. To do otherwise would eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief."); *Larsen v. Trader Joe's Co*., 2012 WL 5458396 at *10-11 (N.D. Cal. June 14, 2012).  Consumers should be able to rely on product representations with confidence; the fact that Plaintiffs now recognize the misleading nature of Defendants' representations does not make these representations any more truthful.  *See e.g., Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012).

## IV.  RULE 12 DOES NOT PERMIT DISMISSAL OF CLASS ALLEGATIONS

As an alternative to dismissal, Defendants ask the Court to strike the class-action allegation in the complaint under Rule 12(f).  Defs' Br. at 14.  But "the propriety of the class allegations [is] premature" at the pleading stage."  *Baas*, 2007 WL 2462150, at *3.  This Court's prior rulings on the issue are consistent with the weight of authority.  *See, e.g.*, *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("the pleadings alone will not resolve the question of class certification"); *Ellison v. Autozone Inc.,* 2007 WL 2701923 (N.D. Cal. Sept. 13, 2007); *In re Wal-Mart Stores, Inc.,* 505 F. Supp. 2d 609, 616 (N.D. Cal., 2007) (denying motion to strike because "[p]laintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery"); *Casas v. Victoria's Secret Stores, LLC*, 2014 WL 12708972, at *9 (C.D. Cal. Oct. 20, 2014) (Rule 12 "is not the appropriate procedural vehicle to challenge class allegations.").  Defendants do not acknowledge, much less distinguish, these cases.[2]  Accordingly, Defendants' motion to strike the class allegations should be denied.

## V.  PLAINTIFFS HAVE STANDING TO REPRESENT CLASS MEMBERS WHO PURCHASED DIFFERENT PRODUCTS

"The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."  *Khasin v. R.C. Bigelow, Inc.,* 2013 WL 2403579, at *4 (N.D. Cal. May 31, 2013) quoting *Miller v. Ghirardelli Chocolate Co.*, 912 F.Supp.2d 861, 869 (N.D. Cal. 2012); *Astiana v. Dreyer's Grand Ice Cream, Inc.,* 2012 WL 2990766, at *11 (N.D. Cal. Jul. 20, 2012) (noting that in most reasoned opinions, "the critical inquiry seems to be whether there is sufficient similarity between the

---

[2] Defendants make an additional argument regarding Plaintiffs' ability to represent class members who purchased different products than Plaintiffs, arguing that Plaintiffs have not alleged the similarities between the products they seek to include in the putative class.  Defs' Br. at 15.   Here, Plaintiffs' Complaint describes each of the products at issue and their many similarities: they are all romaine lettuce products with each product obviously containing similar ingredients (romaine lettuce), they come from a similar source (the Yuma, Arizona growing region), and they are all labeled with the same misrepresentations ("ready to eat" or "ready to enjoy"). Compl. ¶¶ 2, 3, 17, 18.

products purchased and not purchased"); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1005–06 (N.D. Cal. 2012) (relying on *Astiana* for the same proposition).

The only authority Defendants cite for the proposition that Plaintiffs cannot represent class members who purchased other products is not binding and easily distinguishable.  Defs' Br. at 15:13-15; *see Dysthe v. Basic Research, LLC*, 2011 WL 5868307 (C.D. Cal. Jun. 13, 2011).  In *Dysthe*, the court held that the plaintiff did not have standing to represent class members who purchased different products because the products were packaged differently, made different claims, and had multiple different ingredients.  *Id.*  The inquiry into whether Taylor Farms' products are sufficiently similar is better analyzed under *Astiana* and *Anderson* because all of Taylor Farms' products are labeled with the same misrepresentation.  (Compl. ¶¶ 2, 3, 17, 18.)

For example, the *Astiana* court held that the same label of "All Natural Flavors" on ice cream packages was enough to establish sufficient similarity of all products, even though the products were different flavors.  *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) citing *Astiana,* 2012 WL 2990766, at *13.  Similarly, the *Anderson* court held that the plaintiff, who only purchased a few flavors of a product, had standing to bring claims on behalf of purchasers of other flavors because the products were sufficiently similar and contained the "same alleged misrepresentation."  *Id.* at 892 quoting *Anderson* 888 F.Supp.2d at 1005-06.

Here, the Taylor Farms' products at issue are all romaine lettuce products that contain the phrase "ready to eat" or "ready to enjoy."  (Compl. ¶¶ 1, 2, 3, 17, 18.)  All of the Taylor Farms' products contain Taylor Farms' romaine lettuce from their farm in the Yuma, Arizona growing region.  (*Id.* ¶ 13.)  Just like the products at issue in *Astiana* and *Anderson*, the Taylor Farms' products are substantially similar and contain the same alleged misrepresentation – they are romaine lettuce products with the representation "ready to eat."  (*Id.* ¶¶ 2, 3, 17, 18.)  Therefore, Plaintiffs Musgrave and Grey have standing to represent class members that purchased different products than themselves.  Furthermore, Defendants' argument that Plaintiffs cannot represent class members who purchased different products is premature because this issue is "better taken

under the lens of typicality or adequacy of representation, rather than standing." *Forcellati v. Hyland's, Inc.,* 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should deny Defendants' motion to dismiss. Alternatively, if the motion is granted in any respect, Plaintiffs should be given leave to amend. *See, e.g., Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) ("Ordinarily, leave to amend should be freely given in the absence of prejudice to the opposing party…. In the absence of such a reason, denial of leave to amend is an abuse of discretion and reversible."). Plaintiffs have not previously had an opportunity to amend their allegations against Defendants and request a chance to do so should the Court grant Defendants' motion in any respect.

Dated: September 20, 2018         **BURSOR & FISHER, P.A.**


By:     */s/ Blair E. Reed*

L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
        breed@bursor.com

*Attorneys for Plaintiffs*