**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          breed@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MUSGRAVE and MARGARET GRAY, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>TAYLOR FARMS PACIFIC, INC., TAYLOR FARMS RETAIL, INC., TAYLOR FARMS CALIFORNIA, INC., SAM'S WEST, INC., and WALMART, INC.<br><br>  Defendants. | Case No. 4:18-cv-02841-JSW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[*Opposition to Motion to Dismiss First Amended Complaint and Proposed Order Filed Concurrently*]<br><br>Date:  February 22, 2019<br>Time:  9:00 a.m.<br>Courtroom:  5, 2nd Floor<br><br>The Honorable Jeffrey S. White |

Plaintiffs oppose Defendants' Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint ("RJN").  Defendants wrongly ask the Court to take judicial notice of four exhibits in support of their Motion to Dismiss:

**Exhibit A:** An online statement from the Center for Disease Control ("CDC") entitled "Multistate Outbreak of E. coli O157:H7 Infections Linked to Romaine Lettuce";

**Exhibit B:** A webpage of the CDC's list of "Signs & Symptoms" of *E. Coli*;

**Exhibit C:** A webpage from the Mayo Clinic addressing *E. coli*; and

**Exhibit D:** A webpage of Mayo Clinic's "Terms and Conditions."

As explained below, Defendants' request should be denied.

## LEGAL STANDARD

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice is proper "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 1002 (9th Cir. 2018) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "For 'extensively' to mean anything…it should, ordinarily at least, mean more than once."  *Khoja*, 899 F.3d at 1003.  "However, even if a court takes judicial notice of facts, 'factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6).'"  *Hahn v. Select Portfolio Servicing, Inc.,* 2018 WL 6046463 at *2 (N.D. Cal. Nov. 19, 2018) (citing *Lee v. City of Los Angeles*, 250 F. 3d 668, 687 (9th Cir. 2001)).

## ARGUMENT

Defendants claim that "[b]ecause the attached webpages are relied upon in Plaintiffs' FAC, the Court should take judicial notice of the exhibits."  RJN at 4.  Defendants are wrong.  The request for judicial notice as to Exhibits A, B, C, and D should be denied because (1) they address

facts Defendants admitted are in dispute; and (2) the exhibits are not extensively relied on to form the basis of the Plaintiffs' claims.

### I.   EXHIBITS A, B, C, AND D ARE IN DISPUTE

Defendants incorrectly argue that Exhibits A, B, C, and D should be judicially noticed.  RJN at 3-4.  Judicial notice is only proper where a fact cannot be disputed because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  A court "may take judicial notice of matters of public record…[b]ut a court ***cannot take judicial notice of disputed facts contained in such public records***."  *Khoja*, 899 F.3d at 999 (citing *Lee*, 250 F. 3d at 689) (internal quotations omitted) (emphasis added). In their Motion to Dismiss, Defendants argue that each Exhibit contradicts Plaintiffs' pleadings and show that Defendants cannot be held liable.  *See* MTD at 12-15.  Plaintiffs then oppose Defendants' arguments in their concurrently filed Opposition to Defendants Motion to Dismiss and show that Plaintiffs' allegations are adequate.  Therefore, Defendants admit that the facts each exhibit are in dispute, thus making judicial notice improper.

### II.   EXHIBITS B, C, AND D ARE NOT SUBJECT TO INCORPORATION

Defendants seek to improperly incorporate Exhibits B, C, and D by reference.  RJN at 3-4.  The purpose of the doctrine of incorporation by reference is to permit judicial notice of documents which have been extensively relied on in forming a plaintiff's claims.  *Khoja*, 899 F.3d at 1003.  This is not the case here.  Neither Exhibit B or D are referenced in the complaint at all.  While the documents are referenced internally in other exhibits, they do not form the basis of Plaintiffs' claims.  At best, such internal citations are "mere references to the existence [other] document[s]."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  Accordingly, Exhibits B and D do not qualify for incorporation because they are not extensively referred to or relied on.

Similarly, Exhibit C should not be incorporated by reference because it is only referenced once in the complaint.  FAC ¶ 7.  The Ninth Circuit has recognized that for a document to be judicially noticed by incorporation, the document must be referred to more than once. *Khoja*, 899

F.3d at 1003.  That is because like here, a single source is unlikely to form the full basis of a plaintiff's claim.  *Id.*  Therefore, the Court should not incorporate Exhibit C.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Defendants' Request for Judicial Notice.

Dated: January 15, 2019  **BURSOR & FISHER, P.A.**

By:   */s/ Blair E. Reed*

L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
            breed@bursor.com

*Attorneys for Plaintiffs*