**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:   ltfisher@bursor.com
            breed@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| RICK MUSGRAVE, MARGARET GRAY, and DAVID NEAL individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR FARMS PACIFIC, INC., TAYLOR FARMS RETAIL, INC., and TAYLOR FARMS CALIFORNIA, INC.<br><br>Defendants. | Case No. 4:18-cv-02841-JSW<br><br>**PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u><br><br>Hon. Jeffrey S. White |

1    Plaintiffs Rick Musgrave, Margaret Gray, and David Neal, by their undersigned attorneys,

2  bring this class action complaint against Taylor Farms Pacific, Inc., Taylor Farms Retail, Inc., and

3  Taylor Farms California, Inc. (collectively "Taylor Farms" or "Defendants").  Plaintiffs' allegations

4  are based upon personal knowledge as to their own acts and upon information and belief as to all

5  other matters.

6                                    **NATURE OF THE ACTION**

7    1.    This is a class action lawsuit on behalf of purchasers of Taylor Farms Romaine Lettuce

8  Products, which are marketed as "triple washed and ready to eat" and "ready to enjoy," but were

9  actually contaminated with *E. coli* bacteria.

10    2.     Taylor Farms' vision is "to be North America's favorite maker of salads and

11  healthy fresh foods," and is in fact the largest processor of fresh salads in the country.  Generally,

12  Taylor Farms promotes a healthy lifestyle due to Taylor Farms claims of providing convenient,

13  ready-to-eat products that are marketed as "fresh, handcrafted salads."  Taylor Farms even promotes

14  health and wellness to its consumers by offering "Taylor Recipes" on its website,

15  www.TaylorFarms.com, that utilize Taylor Farms fresh and healthy products.

16    3.    Taylor Farms processes and manufactures dozens of fresh produce products,

17  including several romaine lettuce products such as whole romaine lettuce heads, chopped romaine

18  lettuce, hearts of romaine, blends of lettuce including romaine, and ready-made salad packs

19  featuring romaine lettuce as an ingredient.  All of the Taylor Farms products promote convenient,

20  healthy, "ready to eat" and "ready to enjoy" meals with additional product-specific recipes on the

21  packaging.

22    4.    The marketing of Taylor Farms products with romaine lettuce is false and misleading

23  because, for a significant period of time in 2018, those products contained a harmful and even

24  deadly strain of *E. coli* bacteria.  *E. coli* bacteria causes stomach pain, vomiting, diarrhea, and in

25  some cases can lead to kidney failure and death.

26    5.    Plaintiffs saw, read, and relied on Defendants' false and misleading representations

27  that Taylor Farms products with romaine lettuce were "ready to eat" and "ready to enjoy," and they

28

would not have purchased those products had they known the products were unusable and unsafe. They bring this class action on behalf of themselves and other purchasers of Taylor Farms products with romaine lettuce and assert claims against Defendants for violations of the California's Consumers Legal Remedies Act, California's False Advertising Law, California's Unfair Competition Law, and for breach of the implied warranty of merchantability.

**FACTUAL BACKGROUND**

6.      On April 10, 2018, after a multistate outbreak of Shiga toxin-producing *E. coli* infections, specifically strain O157:H7, the Centers for Disease Control and Prevention (the "CDC") issued a statement that an investigation was underway as to what caused the outbreak.[1] The CDC stated that numerous people had been infected by the *E. coli* strain, with illnesses beginning as soon as March 22, 2018.

7.      *E. coli* is a group of bacteria that normally live in the intestinal tract of people and animals.  Certain strains cause not just typical food poisoning symptoms, such as diarrhea and vomiting, but can cause organ failure.  Specifically, the O157:H7 strain involved in the outbreak can cause severe illness, including bloody diarrhea and kidney failure.  According to the Mayo Clinic, *E. coli* symptoms can appear as soon as one day after exposure.  The CDC said that the number of people who have been hospitalized is significantly higher in this outbreak than in others.

8.      On April 13, 2018, the CDC stated that epidemiologic evidence indicated that chopped romaine lettuce was the likely source of the outbreak, and that preliminary information indicated that the source of the *E. coli* could be from farms in the Yuma, Arizona growing region.

9.      On April 18, 2018, the CDC noted that the number of infections was growing and that at least 31 people have been hospitalized, including five who developed hemolytic uremic syndrome, a type of kidney failure.

10.      On April 20, 2018, the CDC confirmed that whole heads of romaine lettuce from the Yuma, Arizona growing region were or could be contaminated with the subject strain of *E. coli*.

---

[1] *See E. coli*, CDC.gov, http://www.cdc.gov/ecoli/2018/o157h7-04-18/index.html (last visited May, 8, 2018).

11.     As of April 25, 2018, the CDC reported people across 25 states had reported *E. coli* infections linked to the lettuce grown in Yuma.  There was also one recorded death due to the *E. coli* infection in California.

12.     Only a small portion of illnesses are reported to the CDC.  Furthermore, it takes around 2 to 3 weeks for illnesses to be reported to the CDC.

13.     Taylor Farms produces crops in both California and Arizona.  Taylor Farms transitions crops from its headquarters in Salinas, California to Yuma, Arizona in the winter so that production can continue year-round. [2]

14.     Taylor Farms products with romaine lettuce are sold in numerous retail stores including Walmart and Sam's Club.

15.     On April 15, 2018, Frank Yiannas, Vice President of Food Safety for Sam's Club, issued a recall message to Sam's Club members (hereinafter the "recall").  The letter stated that "[w]e were notified that Taylor Farms, as a result of a Center for Disease Control and Prevention (CDC) public advisory, has initiated a withdrawal on the items listed below due to the potential to be contaminated with E. coli."

16.     The recall listed the following Taylor Farms products with romaine lettuce (collectively "Taylor Farms Romaine Lettuce Products"):

a.     Taylor Farms Fiesta Chopped Salad Kit with Grilled Chicken, 9/17.5 oz. (UPC 8-24862-02018-7);

b.     Taylor Farms Southwest Chopped Salad 10/12.55 oz. (UPC 8-24862-00632-7);

c.     Taylor Farms Asian Chopped Salad, 10/13 oz. (UPC 8-24862-00630-3);

d.     Taylor Farms Asian Chopped Salad, 10/15.75 oz. (UPC 0-30223-04149-8);

e.     Taylor Farms Caesar Kit Family Size 14/16.9 oz. (UPC 0-30223-02557-0);

f.     Taylor Farms Chopped Romaine 6/2 lb. (UPC 0-30223-04022-4);

g.     Taylor Farms Romaine Blend 12/2.5 oz. (UPC 0-30223—1124-8); and

h.     Taylor Farms Farmhouse Bacon Chopped Salad (UPC 0-30223-04114-6).

[2] *See* The Source Live, https://www.youtube.com/watch?v=AwDtNGloGCw (last visited May 8, 2018).

17.    All of the Taylor Farms Romaine Lettuce Products listed in the recall promote convenient, healthy, "ready to eat" and "ready to enjoy" meals.

18.    The recall instructed customers that if any of the products were still in their possession, to return them to their local Sam's Club for a full refund.  Sam's Club stated that it adheres to "strict quality assurance controls" and works with suppliers to ensure that quality products are provided to its customers.

19.    Walmart also posted a notice about the *E. coli* contamination of romaine lettuce to its website, but apparently did not offer refunds to its customers or post any notices in its stores regarding the contamination.

20.    Romaine lettuce is a hearty green and could stay fresh for up to four weeks after harvest, meaning that Taylor Farms products with romaine lettuce that contain contaminated romaine lettuce from the Yuma, Arizona growing region could be on the shelves through mid-May 2018.

21.    Potentially tens of thousands of Taylor Farms consumers are or could be subject to the *E. coli* found in Taylor Farms' products with romaine lettuce.

22.    As a result of Defendants processing, manufacturing, distributing, and selling Taylor Farms products with romaine lettuce without taking the proper precautions, Defendants placed in the stream of commerce products that are unusable, unsafe, and have caused purchasers and consumers of those products to suffer or potentially suffer illness, as well as the loss of monies.

## THE PARTIES

**Defendants**

23.    Defendant **Taylor Farms Pacific, Inc.** is registered as a California corporation. Taylor Farms, Pacific, Inc. packages and processes various Taylor Farms products.

24.    Defendant **Taylor Farms Retail, Inc.** is registered as a California corporation. Taylor Farms Retail, Inc. controls product sales and customer service, and generally facilitates

1  communications with consumers and the public. [3]  Taylor Farms Retail, Inc. also engages in in the

2  preparation of bagged lettuce and vegetables and refrigerated warehousing and storage activities.

3      25.    Defendant **Taylor Farms California, Inc.** is registered as a Delaware corporation.

4  Taylor Farms California, Inc. manufactures and delivers fresh produce to the foodservice industry.

5  It offers salads and cut fruits and vegetables.

6      26.    Defendants **Taylor Farms Pacific, Inc.**, **Taylor Farms Retail, Inc.**, and **Taylor**

7  **Farms California, Inc.** all do business in California as "Taylor Farms" and are located at 150 Main

8  Street, Suite 400, Salinas, California 93901, which serves as Taylor Farms' headquarters.  Taylor

9  Farms is the world's largest fresh salad processor, with 11 plants and nearly $2 billion in annual

10  revenue.

11      27.    Defendants **Taylor Farms Pacific, Inc.**, **Taylor Farms Retail, Inc.**, and **Taylor**

12  **Farms California, Inc.**, operate under parent company Taylor Fresh Foods, Inc.  Each Defendant

13  participates in the manufacture, distribution, sale, marketing, and representation of Taylor Farms

14  Romaine Lettuce Products.  Each Taylor Farms Defendant makes the same representation that

15  Taylor Farms Lettuce Products are "ready to eat" and "ready to enjoy."

16  **Plaintiffs**

17      28.    Plaintiff **Rick Musgrave** is a California citizen residing in Martinez, California.

18  Sometime around April 2, 2018, Mr. Musgrave purchased Taylor Farms Romaine Lettuce products

19  from Walmart in Martinez, California.  Before purchasing Taylor Farms Romaine Lettuce Products

20  from Walmart, Mr. Musgrave saw, read, and relied on the representations on the packaging that the

21  products were "ready to eat" and "ready to enjoy."  These representations were made by the Taylor

22  Farms Defendants.  Soon after purchasing the Taylor Farms Romaine Lettuce Products, Mr.

23  Musgrave and his wife consumed the products and became violently sick for the next few days.  Mr.

24  Musgrave would not have purchased Taylor Farms Romaine Lettuce Products from Walmart had he

25  known they were not "ready to eat" and "ready to enjoy" and were in fact completely unusable.

26

27

28  [3] *See* https://www.taylorfarms.com/contact/ (last visited October 30, 2018).

29.     Plaintiff **Margaret Gray** is a resident of Camarillo, California.  On or about April 13, 2018 Plaintiff Margaret Gray purchased Taylor Farms Romaine Blend Salad from Sam's Club in Oxnard, California.  Before purchasing the products from Sam's Club, Ms. Gray saw, read, and relied on the representations on the packaging that Taylor Farms Romaine Lettuce Products were "ready to eat" and "ready to enjoy."  These representations were made by the Taylor Farms Defendants.  That night, Ms. Gray consumed some of the Taylor Farms Romaine Blend Salad.  The next day, Ms. Gray was very sick with stomach issues and was homebound for all of that day and the next because of it.  By April 16, 2018, Ms. Gray had recovered from her illness and ate more Taylor Farms Romaine Blend Salad that night with her daughter.  Both Ms. Gray and her daughter fell ill that night.  Ms. Gray would not have purchased Taylor Farms Romaine Lettuce Products from Sam's Club had she known they were not "ready to eat" and "ready to enjoy" and were in fact completely unusable.

30.     Plaintiff **David Neal** is a California citizen residing in Palm Springs, California. Sometime around April 10, 2018, Mr. Neal purchased Taylor Farms Romaine Lettuce products from Walmart in Palm Springs, California.  Before purchasing Taylor Farms Romaine Lettuce Products from Walmart, Mr. Neal saw, read, and relied on the representations on the packaging that the products were "ready to eat" and "ready to enjoy."  These representations were made by the Taylor Farms Defendants.  Soon after purchasing the Taylor Farms Romaine Lettuce Products, Mr. Neal and his partner consumed the products and became violently sick for the next few days and had to return home from a road trip because of it.  Mr. Neal would not have purchased Taylor Farms Romaine Lettuce Products from Walmart had he known they were not "ready to eat" and "ready to enjoy" and were in fact completely unusable.

## JURISDICTION AND VENUE

31.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). There are more than 100 Class Members, and the aggregate claims of all members of the proposed Class exceed $5,000,000.00, exclusive of interest and costs.  At least one Class Member is a citizen of a state different than at least one defendant.

32.     This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

33.     This Court has personal jurisdiction over Taylor Farms Pacific, Inc. and Taylor Farms Retail, Inc. because both are California corporations registered with the California Secretary of State to conduct business within California.  In addition, both conduct substantial business within California.

34.     This Court has personal jurisdiction over Taylor Farms California, Inc. because it conducts substantial business within California, including the processing, sale, marketing, and advertising of Taylor Farms Romaine Lettuce Products.  Taylor Farms California, Inc. also maintains its headquarters in California.

35.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact significant business within this District and because Plaintiff Musgrave purchased Taylor Farms Romaine Lettuce Products in this District.

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs Musgrave, Gray, and Neal seek to represent a class defined as all persons in the United States who purchased Taylor Farms Romaine Lettuce Products at any time from February 1, 2018 to the present (the "National Class").  Excluded from the Class are governmental entities, Defendants, Defendants' affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators, and anyone who purchased Taylor Farms Romaine Lettuce Products for resale.  Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

37.     Plaintiffs also seek to represent a subclass defined as all members of the Class who purchased Taylor Farms Romaine Lettuce Products within the state of California (the "California Subclass") at any time from February 1, 2018 to the present.

38.     Members of the Class and the California Subclass are so numerous that their individual joinder herein is impracticable.  The precise number of Class Members and their identities are unknown to Plaintiffs at this time but will be determined through discovery of

1    Defendants' records.  Class Members may be notified of the pendency of this action by mail, email,

2    and/or publication.

3          39.    This suit seeks only damages and equitable relief for recovery of economic injury on

4    behalf of the Class and California Subclass and it expressly is not intended to request any recovery

5    for personal injury and claims related thereto.  Plaintiffs reserve the right to modify or expand the

6    definition of the Class and Subclass to seek recovery on behalf of additional persons as warranted as

7    facts are learned in further investigation and discovery.

8          40.    Common questions of law and fact exist as to all Class Members and predominate

9    over questions affecting only individual Class Members.  These common legal and factual questions

10   include, but are not limited to:

11             a.    Whether the marketing and advertisements for Taylor Farms Romaine

12                 Products included false and/or misleading statements;

13             b.    Whether Defendants' conduct violated the CLRA;

14             c.    Whether Defendants' conduct violated the FAL;

15             d.    Whether Defendants' conduct violated the UCL; and

16             e.    Whether Defendants' conduct breached implied warranties.

17         41.    Plaintiffs' claims are typical of the claims of the proposed Class and of the California

18   Subclass they seek to represent.  Each Class Member was subjected to the same illegal conduct, was

19   harmed in the same way and has claims for relief under the same legal theories.

20         42.    Plaintiffs Musgrave, Gray, and Neal are adequate representatives of the Class and of

21   the California Subclass they seek to represent because their interests do not conflict with the

22   interests of the Class Members they seek to represent, they have retained counsel competent and

23   experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The

24   interests of Class and Subclass Members will be fairly and adequately protected by Plaintiffs and

25   their counsel.

26         43.    The class mechanism is superior to other available means for the fair and efficient

27   adjudication of the claims of Class Members.  Each individual Class Member may lack the

28

resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of a defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Breach of the Implied Warranty of Merchantability

44.     Plaintiffs Musgrave, Gray, and Neal incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

45.     Plaintiffs Musgrave, Gray, and Neal bring this claim individually and on behalf of the members of the proposed Class and California Subclass.  Plaintiffs and the Class Members have suffered injury in fact and lost money or property as a result of the actions (and inactions) of Defendants.

46.     The Taylor Farms Defendants are, and at all relevant times were, merchants engaged in the business of processing, manufacturing and distributing, among other things, Taylor Farms Romaine Lettuce Products.  Specifically, Defendant Taylor Farms Retail, Inc. controlled statements on the packaging of Taylor Farms Romaine Lettuce Products as the face of retail and customer service operations.  Taylor Farms Pacific, Inc. packaged and processed Taylor Farms Romaine Lettuce Products.

47.     Plaintiffs and the Class Members purchased the Taylor Farms Romaine Lettuce Products.

48.     The Taylor Farms Defendants are manufacturers and merchants with respect to goods of this kind, which were sold to Plaintiffs and other consumers, and there was in the sale to Plaintiffs and other consumers an implied warranty that those goods were merchantable.

49.     However, Defendants breached that warranty implied in the contract for the sale of goods in that Taylor Farms Romaine Lettuce Products are completely unusable, lack even the most basic degree of fitness for ordinary use, and are not safe for human consumption as set forth in detail herein above.

50.     Taylor Farms Romaine Lettuce Products, with a "Best By" date from February 1, 2018 to the present, are defective and unusable because they were distributed to the public containing harmful or potentially harmful *E. coli*.  As a result, Taylor Farms Romaine Lettuce Products were not consumable and dangerous to the health of its consumers and were the cause of Plaintiffs' illnesses.

51.     Defendant admitted that Taylor Farms Romaine Lettuce Products were completely unusable and unfit for consumption when it initiated the recall described in detail herein above.

52.     As a direct and proximate result of this breach of warranty by Defendants, Plaintiffs and other consumers have been damaged by paying monies for products that are completely unusable and unfit for their intended purpose.

53.     Plaintiffs seek damages in an amount to be proven at trial for the injuries suffered from Defendants' breach of the implied warranty.  The damages suffered by Plaintiffs and the Class Members include, but are not limited to, the monies paid to Defendants for the Romaine Lettuce Products.

54.     As a result of Defendants' conduct, Plaintiffs did not receive goods as impliedly warranted by Defendants to be merchantable.

## COUNT II

**Violation of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code § 1750, *et seq.***

55.     Plaintiffs Musgrave, Gray, and Neal incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

56.     Plaintiffs Musgrave, Gray, and Neal bring this claim individually and on behalf of the members of the proposed Class and California Subclass.

57.     Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

58.     The Taylor Farms Defendants violated Civil Code § 1770(a)(5) and (a)(7) by making false, and misleading statements by holding out Taylor Farms Romaine Lettuce Products to be "ready to eat" and "ready to enjoy", when in fact the products were contaminated by harmful or potentially harmful *E coli* and therefore completely unusable.  Specifically, Defendant Taylor Farms Retail, Inc. controlled statements on the packaging of Taylor Farms Romaine Lettuce Products as the face of retail and customer service operations.  Taylor Farms Pacific, Inc. packaged and processed Taylor Farms Romaine Lettuce Products.

59.     Plaintiffs and the members of the California Subclass have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for Taylor Farms Romaine Lettuce Products that they otherwise would not have incurred or paid.

60.     On May 11, 2018 and May 14, 2018, prior to the filing of this Complaint, a CLRA notice letter was sent to Defendants that complies in all respects with California Civil Code §1782(a).  Plaintiffs' counsel sent Defendants the letters via certified mail, return receipt requested, advising Defendants that they are in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiffs' CLRA letters are attached hereto as Exhibit A.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT III

### Violation of California's False Advertising Law ("FAL"),
### Business & Professions Code § 17500 *et seq.*

61.     Plaintiffs Musgrave, Gray, and Neal incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

62.     Plaintiffs Musgrave, Gray, and Neal bring this claim individually and on behalf of the members of the proposed Class and California Subclass.

63.     The Taylor Farms Defendants violated Business & Professions Code § 17500 by publicly disseminating false and misleading advertisements regarding Taylor Farms Romaine Lettuce Products when they stated the products were triple washed, "ready to eat" and "ready to enjoy" when in reality the products contained illness-inducing bacteria.

64.     The Taylor Farms Defendants' false and misleading advertisements were disseminated to increase the sales of Taylor Farms Romaine Lettuce Products.  Specifically, Defendant Taylor Farms Retail, Inc. controlled statements on the packaging of Taylor Farms Romaine Lettuce Products as the face of retail and customer service operations.  Taylor Farms Pacific, Inc. packaged and processed Taylor Farms Romaine Lettuce Products.

65.     All Defendants knew or should have known that their advertisements for Taylor Farms Romaine Lettuce Products were false and misleading, and those advertisements would induce consumers to purchase Taylor Farms Romaine Lettuce Products.

66.     Plaintiffs and the members of the Class and California Subclass have suffered harm as a result of these violations of the FAL because they have incurred charges and/or paid monies for Taylor Farms Romaine Lettuce Products that they otherwise would not have incurred or paid.

## COUNT IV

### Unlawful Business Practices In Violation of California's Unfair Competition Law ("UCL"),
### Business & Professions Code §§ 17200 *et seq.*
### (Unlawful Practices)

67.     Plaintiffs Musgrave, Gray, and Neal incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein.

68.     Plaintiffs Musgrave, Gray, and Neal bring this claim individually and on behalf of the members of the proposed Class and California Subclass.

69.     Defendants violated the unlawful prong of the UCL by violating Civil Code § 1770(a)(5) and Business & Professions Code § 17500 as described above.

70.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that Defendants' conduct is substantially injurious to consumers and offends public policy.

71.     Plaintiffs and the members of the Class and California Subclass have suffered harm as a result of the violations of the UCL because they have incurred charges and/or paid monies for Taylor Farms Romaine Lettuce Products they otherwise would not have incurred or paid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

A.     An order certifying that this lawsuit is properly maintainable as a class action and certifying Plaintiffs Musgrave and Gray as the representatives of the Class; and Plaintiffs Musgrave, Gray, and Neal as the representatives of the California Subclass.

B.     For all forms of relief set forth above;

C.     Damages against Defendants in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

D.     Restitution and/or disgorgement in an amount to be determined at trial;

E.     Punitive damages;

F.     Reasonable attorneys' fees and costs;

G.     Granting such other and further relief as may be just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiffs demand a trial by jury of all issues so triable.

1    Dated: March 12, 2019                    Respectfully submitted,

2                                             **BURSOR & FISHER, P.A.**

3

4                                             By: _/s/ L. Timothy Fisher_
                                                  L. Timothy Fisher
5
                                             L. Timothy Fisher (State Bar No. 191626)
6                                            Blair E. Reed (State Bar No. 316791)
                                             1990 North California Boulevard, Suite 940
7                                            Walnut Creek, CA 94596
                                             Telephone:  (925) 300-4455
8                                            Facsimile:  (925) 407-2700
                                             E-Mail: ltfisher@bursor.com
9                                                    breed@bursor.com

10                                           *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**BURSOR & FISHER**
P.A.

1990 N. California Blvd.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

BLAIR E. REED
Tel: 925.300.4455
Fax: 925.407.2700
breed@bursor.com

May 11, 2018

*Via Certified Mail - Return Receipt Requested*

Taylor Farms Pacific, Inc.
150 Main Street, Suite 400
Salinas, CA 93901

Taylor Farms Retail, Inc.
150 Main Street, Suite 400
Salinas, CA 93901

Taylor Farms California, Inc.
150 Main Street, Suite 400
Salinas, CA 93901

Walmart, Inc.
702 SW 8th Street
Bentonville, AR 71716

Re:     *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Taylor Farms Pacific, Inc., Taylor Farms Retail, Inc., Taylor Farms California, Inc., and Walmart, Inc., pursuant to the provisions of California Civil Code § 1782, on behalf of our clients Rick Musgrave and Margaret Gray, and all other persons similarly situated.

Taylor Farms purports to be "North America's favorite maker of salads and healthy fresh foods."  In the marketing and advertisements for Taylor Farms products, you claim that Taylor Farms products are "triple washed and ready to enjoy."  Using Taylor Farms products, you claim consumers can make numerous healthy recipes using those products and provide those recipes both on the packaging and on your website, www.TaylorFarms.com.  However, you recalled numerous products from Sam's Club because the following products (collectively the "Taylor Farms Romaine Lettuce Products") were contaminated with harmful, even potentially deadly, *E. coli*:

# BURSOR & FISHER, P.A.                          page 2

- Taylor Farms Southwest Chopped Salad 10/12.55 oz. (UPC 8-24862-00632-7);
- Taylor Farms Asian Chopped Salad, 10/13 oz. (UPC 8-24862-00630-3);
- Taylor Farms Asian Chopped Salad, 10/15.75 oz. (UPC 0-30223-04149-8);
- Taylor Farms Caesar Kit Family Size 14/16.9 oz. (UPC 0-30223-02557-0);
- Taylor Farms Chopped Romaine 6/2 lb. (UPC 0-30223-04022-4);
- Taylor Farms Romaine Blend 12/2.5 oz. (UPC 0-30223—1124-8); and
- Taylor Farms Farmhouse Bacon Chopped Salad (UPC 0-30223-04114-6)

All of the Taylor Farms Romaine Lettuce Products listed in the recall promote convenient, healthy, "ready to eat" meals. These and other similar statements regarding Taylor Farms Romaine Lettuce Products are false and misleading and induce consumers like Mr. Musgrave and Ms. Gray, and others to purchase the product. By making such false and misleading statements, you have violated numerous provisions of California law including the Consumers Legal Remedies Act, California Civil Code § 1770, including but not limited to subsections (a)(5) and (a)(7).

We hereby demand that you immediately (1) cease and desist from fraudulently marketing Taylor Farms Romaine Lettuce Products, and (2) make full restitution of all monies obtained from purchasers of those products.

It is further demanded that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents regarding the advertisement and marketing of Taylor Farms Romaine Lettuce Products;

2. All documents concerning the sale of Taylor Farms Romaine Lettuce Products, including the total amount of money generated from the sale of those products;

3. All documents concerning any testing or other research done regarding the safety of Taylor Farms Romaine Lettuce Products;

4. All communications with customers and former customers concerning complaints related to Taylor Farms Romaine Lettuce Products;

5. All documents concerning the identity of those individuals who purchased Taylor Farms Romaine Lettuce Products;

6. All documents and/or communications between you and the Centers for Disease Control and Prevention relating to the contamination of romaine lettuce; and

# BURSOR & FISHER, P.A.                    page 3

      7.     All documents and/or communications between you and any retailer relating to the contamination of romaine lettuce.

Please comply with this demand within 30 days from receipt of this letter.

We are willing to negotiate with you to attempt to resolve the demands asserted in this letter.  If you wish to enter into such discussions, please contact me immediately.  If I do not hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter, but in no event later than 30 days from the date of receipt.

Very truly yours,


Blair E. Reed
breed@bursor.com